5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Pablo PEREZ-CASAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70017.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1993.*
Decided Sept. 16, 1993.
 
 1
 Petition for Review of an Order of the Board of Immigration Appeals, INS No. Alk-rkp-mvq.
 
 BIA
 
 2
 DENIED.
 
 
 3
 Before: FLETCHER, POOLE and THOMPSON, Circuit Judges
 
 
 4
 MEMORANDUM**
 
 
 5
 Pablo Perez Casas ("Perez"), a native and citizen of Mexico, appeals the Board of Immigration Appeals ("BIA" and "the Board") determination that he abandoned his application for waiver of inadmissability under Section 242(b) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. Sec. 1252(b). Petitioner argues that his motion to reopen meets the minimum threshhold of providing "reasonable cause" for failing to appear at his hearing. He also contends that the failure to reopen deportation proceedings held in absentia in order to consider the merits of his application for relief violates the Constitution's due process guarantee. The government responds that Perez's declaration in support of his motion to reopen supplies insufficient facts to explain his non-appearance at the scheduled deportation hearing and thus neither warrants reopening nor a determination that the challenged procedures are constitutionally inadequate.
 
 
 6
 Our jurisdiction rests on 8 U.S.C. Sec. 1105a(a). The denial of reopening of deportation procedures is reviewed for abuse of discretion. INS v. Doherty, 112 S.Ct. 719, 724 (1992); Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988); see also Wijeratne v. INS, 961 F.2d 1344, 1348 (7th Cir.1992); Maldonado-Perez v. INS, 865 F.2d 328, 329 (D.C.Cir.1989). Denial of statutory or constitutional rights "may constitute an abuse of discretion requiring remand." Baires, 856 F.2d at 91. We deny the petition for review and affirm the BIA's denial of the motion to reopen.
 
 I.
 
 7
 Perez was admitted as a lawful permanent resident at the age of three. He has lived in this country for over twenty-five years. He has three American-born children and his mother, father, and siblings are either permanent residents or citizens. AR at 4. All reside in the United States. In 1988, Perez was convicted of possessing methamphetamine. A year later he conceded deportability under 8 U.S.C. Sec. 1251(a)(11) (narcotics violation) and applied for a waiver of inadmissability under 8 U.S.C. Sec. 1182(c). AR at 29. A hearing on the merits was held in August 1989. Although his attorney attended, Perez failed to appear for the hearing. At the time, the attorney was not aware of the problems preventing Perez from appearing even though he had had a telephone conversation with Perez's wife earlier that morning. He moved for a continuance which the IJ denied. The deportation hearing proceeded in absentia. Deeming Perez's application for a waiver abandoned, the IJ entered an order of deportation. Perez filed a motion to reopen with the IJ. In an appended declaration he explained that a motorcycle breakdown in Arizona had prevented him from appearing at his hearing in San Diego on the scheduled day. AR at 58. Only a blank undated receipt from a motel in Arizona was attached as corroborating evidence. AR at 59. Not finding Perez's explanation convincing or substantiated, the IJ determined that "reasonable cause" for his absence had not been shown. AR at 25-28. He denied the motion to reopen. The BIA upheld the IJ's determination with one Board member dissenting from the decision. AR at 2-5.
 
 II. Abandonment of Claim
 Section 1252(b) provides that:
 
 8
 [i]f any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails to attend or remain in attendance at such proceeding, the [immigration judge] may proceed to a determination in like manner as if the alien were present.
 
 
 9
 8 U.S.C. Sec. 1252(b). This provision authorizes hearings in absentia where a petitioner had a "reasonable opportunity to be present" and no "reasonable cause" for failing to appear. See Maldonado-Perez, 865 F.2d at 333-36; Baires, 856 F.2d at 92-93. An immigration judge is entitled to find that an alien has abandoned his claim for relief from deportation if he fails to appear at a properly noticed hearing. See Matter of Balibundi, 19 I. & N.Dec. 606, 607 (BIA1988) ("[w]hen a hearing is scheduled to consider an application for relief by a respondent and the respondent fails to appear at the hearing, the application should be deemed abandoned"); Matter of Nafi, 19 I. & N.Dec. 430, 431 (BIA1987) ("[a]pplications for benefits under the Immigration and Nationality Act are customarily denied as abandoned or for lack of prosecution when the alien fails to file for or pursue them"). This discretion is subject only to a motion to reopen explaining that "reasonable cause" existed for the non-appearance.[1] See Matter of Haim, 19 I. & N.Dec. 641, 642 (BIA1988) ("[w]hen the basis for a motion to reopen is that the immigration judge held an in absentia [deportation] hearing, the alien must establish that he had 'reasonable cause' for his absence from the proceedings. If the alien had reasonable cause for his failure to appear, the motion will be granted; if he did not, the motion will be denied") (internal citations omitted). A motion to reopen can be brought under several regulatory provisions, but it must comply with the terms of these provisions. See Marrero v. INS, 990 F.2d 772, 778-80 (3rd Cir.1993) (provisions include 8 C.F.R. Secs. 3.2, 103.5(a), 242.22). Courts have not hesitated to find procedural default. Id. at 778 (petitioner defaulted because his motion to reopen did not present any "new evidence" as required under 8 C.F.R. Secs. 3.2, 242.22).
 
 
 10
 Perez does not contest that he was given a reasonable opportunity to be present at the scheduled hearing. He received proper notice and warning of the consequences of not appearing. He does, however, challenge the BIA and IJ's determination that his failure to appear was not for reasonable cause. Because abandonment is presumed upon non-appearance, and may be rebutted only by reasonable explanation, the burden is on Perez to convince the IJ that he had "reasonable cause" for failing to appear, Sec. 1252(b).
 
 
 11
 He did not. In the declaration attached to his motion to reopen Perez states that his failure to attend the hearing was a result of a motorcycle breakdown that forced him to spend the night in Gila Bend, Arizona. Neither the declaration nor the single attached receipt note the date of this overnight stay. AR at 58, 59. There is no evidence of the mechanical repairs undertaken to fix the motorcycle or of the alternative means of transportation used to return to California when it became clear it could not be fixed. Moreover, Perez offers no explanation for why he did not attempt to inform the court of his transportation problems through his wife or counsel. On the day of the hearing counsel told the IJ that he had previously telephoned Perez's house, and talked with his wife who informed him that Perez had telephoned her "and stated that he was on his way to her residence to get her and bring her to the hearing." AR at 26. Perez does not refute or elaborate upon the information made available to the IJ by his counsel.
 
 
 12
 We conclude that the lack of any kind of corroboration for his explanation supports the BIA's and the IJ's determination that the explanation is insufficient. We agree with the government that Perez's unsubstantiated account is the more "unbelievable" because "[a] story such as his is too easily proved." AR at 52. The IJ and the BIA did not abuse their discretion in finding no "reasonable cause" to have been asserted for failure to appear. Cf. Wijeratne, 961 F.2d at 1347 (explanation of having sought a change of venue because hearing too far away and too expensive to reach, insufficient); Maldonado-Perez, 865 F.2d at 335-37 (same); Patel, 803 F.2d at 806 (explanation of relying on attorney's advice not to attend insufficient); Shah v. INS, 788 F.2d 970, 972 (4th Cir.1986) (belief that "proceeding should not have gone forward until [BIA] had reviewed the [IJ's] decision to deny motion for change of venue ... not reasonable cause").
 
 III. Deprivation of Due Process
 
 13
 Contrary to the Government's flat assertion, the panel is not deprived of jurisdiction over a constitutional claim simply because an alien fails to raise it before the BIA. The BIA is not empowered to rule on constitutional issues that do not involve "correctable procedural errors." Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987) (citing Bagues-Valles v. INS, 779 F.2d 483, 484 (9th Cir.1985); Hernandez-Rivera v. INS, 630 F.2d 1352, 1355 (9th Cir.1980)). To the extent a petitioner's due process claim involves a "procedural error" then, she must exhaust all administrative remedies. Id.; Reid v. Engen, 765 F.2d 1457, 1461 (9th Cir.1985) (due process claim does not guarantee judicial review of "procedural errors correctable by the administrative tribunal").[2] Unlike the petitioner in Dhangu v. INS, 812 F.2d 455, 455, 460-61 (9th Cir.1987), who also contended that a deportation hearing in absentia deprived him of due process, but who had not addressed his "correctable procedural error" to the BIA, Perez appeals the denial of his motion to reopen in which he sought, but did not obtain, administrative correction.[3] The government's jurisdictional arguments based on administrative exhaustion are therefore misplaced. The panel has jurisdiction to review Perez's constitutional claim.
 
 
 14
 Nor is judicial review barred on other threshhold grounds. It is not disputed by the government that permanent resident aliens may invoke due process rights under the Constitution. The Supreme Court has noted that:
 
 
 15
 once an alien gains admission to our country and begins to develop the ties that go with permanent residence, his constitutional status changes accordingly.... [A] continuously present resident alien is entitled to a fair hearing when threatened with deportation.
 
 
 16
 Landon v. Plascencia, 459 U.S. 21, 32-33 (1982); see also Baires, 856 F.2d at 90-91. Nevertheless, "[t]he constitutional sufficiency of procedures provided in any situation ... varies with the circumstances." Id. at 34. Even where, as here, the petitioner's interest is a very weighty one (because he "stands to lose the right 'to stay and live and work' " in the country he has adopted, id.), courts must weigh the "interest of the government in using the current procedures rather than additional or different procedures." Id. Only the "minimum requirements of due process" need be guaranteed. Id. at 35; see also El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review, 959 F.2d 742, 750-51 (9th Cir.1992).
 
 
 17
 To prevail on his constitutional claim Perez must simultaneously attack as erroneous the BIA's determination that he abandoned his underlying statutory claim and reveal as inadequate the procedures by which the determination was made. Perez contends that the IJ violated his procedural due process rights by failing to grant a continuance, failing to grant reopening upon declaration of a "reasonable cause" explaining petitioner's absence at the original hearing, and failing to assure a "full and fair evidentiary hearing" in summarily dismissing the action as abandoned. He argues this string of violations amounts to an abuse of discretion under Baires, 856 F.2d at 93.
 
 
 18
 The Baires court emphasized that "[t]he question whether denial of a continuance in an immigration proceeding constitutes an abuse of discretion cannot be decided through the application of bright line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." Id. at 91. Factors "relevant to due process analysis" include "the risk of erroneous deprivation, the efficacy of additional procedural safeguards and the Government's interest in providing no further procedures." Plascencia, 459 U.S. at 37; see also Baires, 856 F.2d at 92-93 ("reasonable opportunity [for petitioner] to present evidence on his behalf," "[petitioner's] need to present important testimony from other witnesses," "lack of unreasonable delay," "convenience of the immigration court").
 
 
 19
 Other circuits have flatly held that the statutory and administrative mechanisms available for correcting erroneous in absentia determinations do not violate procedural due process. "[T]he statutory due process protections in 8 U.S.C. Sec. 1252(b) meet the minimum constitutional requirements." Wijeratne, 961 F.2d at 1346 (citing Maldonado-Perez, 865 F.2d at 332-33; Patel, 803 F.2d at 806). The fact that in absentia hearings are allowed only if a reasonable opportunity to appear at a hearing is afforded and any non-appearance may be explained for "reasonable cause" renders the procedures "constitutionally sufficient." Wijeratne, 961 at 1346. Implicitly, the many courts evaluating due process challenges to Section 1252(b) conclude that procedural default with respect to these statutory due process safeguards does not render the procedures constitutionally inadequate. See e.g., id. at 1347; Maldonado-Perez, 865 F.2d at 336-37; Patel, 803 F.2d at 806.
 
 
 20
 Upon reviewing the particular circumstances of Perez's case, we conclude that his constitutional rights have not been violated. He has failed to substantiate the "reasonable cause" preventing him from attending the very hearing he now seeks as a matter of constitutional right. This factor more than any other offsets the "weighty equities" in his favor, including those emphasized in the dissent to the BIA's decision. AR at 4-5. The deprivation worked upon Perez's personal interests does not hinge on the simple failure to provide one mechanic's repair invoice. AR at 5. Rather it results from his own unexplained inability to substantiate in any way the asserted reasonable cause for failing to attend the hearing initially accorded him. Weighed against the government's interest in maintaining hearing dates once set, and its interest in preserving incentives that encourage non-dilatory requests for relief, the harsh consequences to Perez's interests do not make out a constitutional claim. Cf. Marrero, 990 F.2d at 779-80 (noting government's interest in placing appropriate incentives upon attending hearings and moving to reopen proceedings in context of concluding petitioner procedurally defaulted).
 
 IV.
 
 21
 We reject Perez's challenge on appeal.[4] Perez's petition for review is denied and the BIA's denial of the motion to reopen, affirmed.
 
 
 22
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the time of the hearing it is also subject to a motion for continuance under 8 C.F.R. Sec. 241.13 which provides for adjournment of a deportation hearing "for good cause shown." See Patel v. INS, 803 F.2d 804, 806 (5th Cir.1986) (describing use of and standards for granting continuance)
 
 
 [2]
 See Marrero, 990 F.2d at 779 (explaining exhaustion doctrine as providing the INS with the "opportunity to correct any due process error it might have made in entering its order to deport ... in absentia ")
 
 
 [3]
 Administrative correction would consist of a reopening of the deportation hearing based on a finding that Perez did have reasonable cause for failing to appear. See Matter of Ruiz, Int.Dec. No. 3116 at 3 (BIA1989); Matter of Haim, 19 I & N.Dec. at 642. This would allow "respondent ... an opportunity for a full evidentiary hearing on his application for a waiver of inadmissability"). Matter of Perez-Casas, No. A17987182 (BIA Dec. 5, 1992) (Keener, Temporary Board Member, dissenting). AR at 4
 
 
 [4]
 Without suggesting that Perez is eligible for other relief, we note this conclusion does not foreclose other avenues of relief including habeas corpus. See 8 U.S.C. Sec. 1105a(a)(10); see also Marrero, 990 F.2d at 775 n. 2 (indicating that habeas petition had been filed); Dhangu, 812 F.2d at 459 (habeas jurisdiction not precluded by "mere pendency of other proceedings"); Gamero v. INS, 367 F.2d 123, 124-25 (9th Cir.1966) (habeas relief available after motion to reopen denied and action for declaratory judgment dismissed); 3 Charles Gordon & Stanley Mailman, eds., Immigration Law & Procedure, Sec. 81.10[a]; [e] at 81-176 to 81-180 (1993)