**Mulumba Dieudonne MBIYA**

v.

**IMMIGRATION & NATURALIZATION SERVICE and the Executive Office for Immigration Review.**

**Civil No. 1:96–CV–1199–ODE.**

United States District Court,
N.D. Georgia,
Atlanta Division.

June 18, 1996.

Cloud H. Miller, III, Atlanta, GA, for Plaintiff.

Jane Wilcox Swift, Assistant U.S. Attorney, Atlanta, GA, Lorri L. Shealy, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Defendants.

## ORDER

ORINDA D. EVANS, District Judge.

This civil petition for habeas corpus is before the court on Respondent's motion to dismiss for lack of subject matter jurisdiction.[1] Petitioner has filed a response to this motion.[2]

The relevant facts of this case are undisputed. In August of 1989, petitioner Mulumba Dieudonne Mbiya entered the United States from Zaire, Africa on a F–1 student visa. After marrying a United States citizen, Mbiya was granted conditional permanent resident status on October 27, 1992.

On June 1, 1993, Mbiya was charged with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. He pleaded guilty to the offense in the United States District Court for the Southern District of West Virginia, and was sentenced to three years of probation. He thereafter notified the Immigration and Naturalization Service ("INS") of his conviction. As a result, the INS ordered Mbiya to show cause why he should not be deported on the basis of his conviction of a

---

1. Both parties treat the Immigration and Naturalization Service and the Executive Office for Immigration Review as a single respondent in this action.

2. Petitioner originally filed a motion for a temporary restraining order ("TRO") along with his

petition for writ of habeas corpus. The court held a hearing on May 23, 1996, after which the court dismissed the TRO motion because Respondent agreed to suspend petitioner's deportation while this matter is under this court's consideration.

controlled substance violation and of an aggravated felony under § 241(a)(2)(A)(iii) and § 241(a)(2)–(B)(i) of the Immigration and Nationality Act ("INA").

On August 8, 1995, Mbiya appeared before an immigration judge on the show cause order and admitted the allegations contained therein. The immigration judge found that Mbiya was ineligible for relief from deportation based on his status as a convicted drug offender. On appeal, the Board of Immigration Appeals ("BIA") on January 22, 1996, likewise found that "respondent's immigration status and his criminal conviction render him ineligible for any form of relief from deportation." Mbiya did not file an appeal to the United States Court of Appeals for the Eleventh Circuit.

Mbiya filed the instant petition for habeas corpus on May 23, 1996. Mbiya seeks review pursuant to 28 U.S.C. § 2241 and 8 U.S.C. § 1105a(a)(10). However, on April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Public Law No. 104–132, 110 Stat. 1214. Section 401(e) of AEDPA specifically strikes 8 U.S.C. § 1105a(a)(10) as of the date of AEDPA's enactment.[3] At the same time, section 440(a) of AEDPA amends 8 U.S.C. § 1105a(a)(10) to provide as follows:

> (10) Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in § 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(ii) for which both predicate offenses are covered by section 241(a)(2)(A)(i), *shall not be subject to review by any court.*

AEDPA § 440(a), P.L. 104–132, 110 Stat. 1214 (April 24, 1996) (emphasis added). Respondent argues that because Mbiya was ordered deported by reason of his conviction of an aggravated felony and of a controlled substance violation, AEDPA removes this court's jurisdiction to review the instant petition for habeas corpus. Petitioner contends that the newly enacted statute is unconstitutional (1) on its face because it violates the mandate that Congress shall not suspend the writ of habeas corpus, and (2) as applied because his deportation proceedings commenced prior to AEDPA's enactment such that it constitutes an ex post facto law as to him.

■ It is beyond contention that Congress has exceptionally broad authority to promulgate laws governing the admission and expulsion of aliens. *See, e.g., Fong Yue Ting v. United States,* 149 U.S. 698, 712, 13 S.Ct. 1016, 1021–1022, 37 L.Ed. 905 (1893); *Shaughnessy v. United States ex rel. Mezei,* 345 U.S. 206, 210, 73 S.Ct. 625, 628, 97 L.Ed. 956 (1953); *and Mathews v. Diaz,* 426 U.S. 67, 79, 96 S.Ct. 1883, 1891, 48 L.Ed.2d 478 (1976). Courts have uniformly recognized that this power is "a fundamental sovereign attribute exercised by the Government's political departments [which is] largely immune from judicial control." *Mezei,* 345 U.S. at 210, 73 S.Ct. at 628 (citations omitted). However, legislation enacted pursuant to Congress' plenary power over immigration necessarily is "subject to judicial intervention under the 'paramount law of the Constitution.'" *Carlson v. Landon,* 342 U.S. 524, 537, 72 S.Ct. 525, 533, 96 L.Ed. 547 (1952) (quoting *Fong Yue Ting,* 149 U.S. at 713–715, 13 S.Ct. at 1022–1023).

Title 8 U.S.C. § 1105a(a) provides that it is to be the "sole and exclusive procedure for ... the judicial review of all final orders of deportation." 8 U.S.C. § 1105a(a). The phrase "final orders of deportation" has been defined to include "all matters on which the validity of the final order is contingent, rather than only those determinations actually made at the hearing." *Immigration and*

---

3. Section 401(e) of AEDPA states in relevant part:
   (e) ELIMINATION OF CUSTODY REVIEW BY HABEAS CORPUS.—
   Section 106(a) of the Immigration and Nationality Act (8 U.S.C. § 1105a(a) is amended—
   \* \* \* \* \* \*
   (3) by striking paragraph (10).

(f) EFFECTIVE DATE.—The amendments made by this section shall take effect on the date of enactment of this Act and shall apply to all aliens without regard to the date of entry or attempted entry into the United States.

*Naturalization Service v. Chadha,* 462 U.S. 919, 938, 103 S.Ct. 2764, 2777–2778, 77 L.Ed.2d 317 (1983). As is apparent, constitutional challenges to orders of deportation are encompassed within this definition. Unless another basis for the exercise of habeas jurisdiction exists, therefore, § 1105a(a)(10)'s preclusion of all judicial review conceivably could run afoul of the Constitution's prohibition against the suspension of the writ of habeas corpus. Art I, § 9, cl. 2.

■ Petitioner contends that 28 U.S.C. § 2241, which provides that "[w]rits of habeas corpus may be granted by . . . the district courts," also serves as a basis for the exercise of jurisdiction in this matter. Respondent acknowledges that § 2241 remains a viable avenue for habeas corpus review after passage of AEDPA. The Eleventh Circuit, moreover, has explicitly recognized that "challenges to deportation proceedings are cognizable under 28 U.S.C. § 2241." *Orozco v. United States Immigration and Naturalization Service,* 911 F.2d 539, 540 (1990) (citations omitted). The court finds, therefore, that 28 U.S.C. § 2241 preserves the writ of habeas corpus for aliens subject to deportation such that the revised § 1105a(a)(10) is not unconstitutional under the Suspension Clause. *See Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1018, 104 S.Ct. 2862, 2880–2881, 81 L.Ed.2d 815 (1984) ("where two statutes are 'capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective'") (citations omitted).

Nevertheless, the provisions of AEDPA make clear that Congress desired to expedite the deportation of criminal aliens and to restrict all judicial review of final orders of deportation to the greatest extent possible. Although those habeas actions decided under § 2241 prior to the original passage of § 1105a provide for broad review of orders of deportation, the newly amended § 1105a(a)(10) strongly suggests that Con-

gress intended to preserve the writ of habeas corpus under § 2241 in these cases only to the extent required by the Constitution.

Specifying the constitutional content of the writ, however, is no simple task. *See* 3 Charles Gordon *et al., Immigration Law and Procedure,* § 81.04[1] (1996). In the context of habeas review of orders of deportation, the Supreme Court has stated that its function "has always been limited to the enforcement of due process requirements. To review those requirements under the Constitution, whatever the intermediate formulation of their constituents, is very different from applying a statutory standard of review, e.g. deciding on 'the whole record'." *Heikkila v. Barber,* 345 U.S. 229, 235, 73 S.Ct. 603, 606, 97 L.Ed. 972 (1953). It is now left to this court to determine the appropriate scope of due process review in the aftermath of AEDPA.

■ While it is difficult to address this issue without appellate rulings which postdate the passage of AEDPA, the court finds that, with respect to aliens subject to orders of deportation for having committed crimes enumerated by Congress, the Constitution requires only that the writ of habeas corpus extend to those situations in which the petitioner's deportation would result in a fundamental miscarriage of justice. This accommodation preserves the balance between the Suspension Clause and Congress' plenary authority to control immigration. Thus, an alien claiming mistaken identity or the like retains an avenue for habeas relief from deportation.[4] Any attempt by Congress to restrict this sphere of authority necessarily would create constitutional difficulties not only with respect to the Suspension Clause, but also with respect to the Constitution's delineation of authority between the branches of government.

■ Petitioner is entitled to no relief for two reasons. First, Mbiya is not "in custody" such that he is entitled to habeas review

---

**4.** It is important to recognize that this class of aliens received judicial review and procedural protections in the criminal prosecution underlying the deportation order.

under § 2241. Under the former § 1105a(a)(9), a petitioner was required to show that he was in "actual, physical custody in a place of detention" prior to seeking habeas relief.[5] *United States ex rel. Marcello v. District Director of the Immigration and Naturalization Service, New Orleans*, 634 F.2d 964, 969 (5th Cir.1981).[6] Given that Congress restricted the availability of habeas relief in AEDPA, it would be incongruous to interpret the "in custody" requirement more broadly under § 2241. Because Mbiya is not in the physical custody of the INS or in post-custody release from that status, his petition must be dismissed.[7]

Secondly, as a facial review of Mbiya's petition makes clear, he is challenging the deportation order itself rather than an unconstitutional restriction on his liberty. After passage of AEDPA, judicial involvement in a case such as this one is precluded except to the extent required by the Constitution. Because Mbiya's petition fails to assert facts alleging confinement constituting a fundamental miscarriage of justice, the court is without authority to grant relief.

■■■ Contrary to Mbiya's assertion, the application of this restricted view of habeas corpus to him does not operate as an impermissible ex post facto law. Revised § 1105a(a)(10) is not being applied retroactively to him because he filed the instant suit after AEDPA's passage. It is well established, moreover, that deportation proceedings and orders of deportation are civil in nature such that the Ex Post Facto Clause does not apply. *United States v. Bodre*, 948 F.2d 28, 33 (1st Cir.1991), *cert. denied* 503 U.S. 941, 112 S.Ct. 1487, 117 L.Ed.2d 628 (1992); *Harisiades v. Shaughnessy*, 342 U.S. 580, 594, 72 S.Ct. 512, 521, 96 L.Ed. 586 (1952).

Accordingly, Respondent's motion to dismiss [4–1] is GRANTED and the petition for writ of habeas corpus is DISMISSED.

SO ORDERED.

---

5. The Court also recognized that a party released on bail or personal recognizance following commencement of actual, physical custody would satisfy this requirement. *See Marcello*, 634 F.2d at 971.

6. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit handed down prior to October 1, 1981.

7. The court notes that Mbiya is on probation for his federal drug conviction. That status is irrelevant to his right to seek review under 28 U.S.C. § 2241.