Aziz Ibrahim **ELTAYEB, Petitioner,**

v.

James J. **INGHAM, District Director of the Immigration and Naturalization Service, Respondent.**

No. 96 Civ. 1193 (LBS).

United States District Court,
S.D. New York.

Jan. 7, 1997.

---

Baird A. Cuber, New York City, for Petitioner.

Mary Jo White, United States Attorney for the Southern District of New York, New York City (F. James Loprest, Jr., Special Assistant United States Attorney, of counsel), for Respondent.

## OPINION

SAND, District Judge.

Aziz Ibrahim Eltayeb petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and 8 U.S.C. § 1105a(a)(10) against James J. Ingham, the District Director of the Immigration and Naturalization Service's ("INS") Buffalo, New York District. Petitioner claims that he was deprived of his due process rights when the Immigration Judge ("IJ") ordered him deported *in absentia*, and that the IJ and the Bureau of Immigration Affairs ("BIA") abused their discretion when both subsequently denied his motion to reopen the hearing.

For the reasons set forth below, the petition is denied.

## I. BACKGROUND

Eltayeb is a citizen of Sudan. He entered the United States in 1980, and adjusted his status to that of lawful permanent resident in 1982. In 1987, Eltayeb was convicted of criminal possession of a controlled substance in violation of § 220.03 of the New York Penal Law. He was sentenced to three years' probation. Based on this conviction, the INS issued an administrative Order to Show Cause charging Eltayeb with deportability pursuant to the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1251(a)(2)(B)(i) (controlled substance violation), in September 1992. *Id.*

In February 1993, Eltayeb conceded deportability, but requested leave to apply for a discretionary waiver of deportation pursuant to 8 U.S.C. § 1182(c). On April 22, 1993, he was given notice that his deportation hearing would take place on August 4, 1993. On that date, after serving Eltayeb with written notice that failure to appear would result in ineligibility for certain types of relief under the INA, the IJ adjourned Eltayeb's hearing until September 22, 1993. The Immigration Court then twice more adjourned Eltayeb's proceedings for reasons that are unclear.

On February 16, 1994, Eltayeb was given notice that his deportation hearing would resume on April 7, 1994, at 9:00 a.m. in New York City. The notice also informed Eltayeb that failure to appear, absent exceptional circumstances, could result in an *in absentia* hearing, and that an order of deportation could be entered against him if the INS established by clear, unequivocal and convincing evidence that (a) he or his attorney had been given notice and (b) he was deportable. *See* 8 U.S.C. § 1252b.

Neither Eltayeb nor his counsel appeared at 9:00 a.m. on April 7, 1994. In accordance with 8 U.S.C. § 1252b, the IJ proceeded with the hearing *in absentia*, and, based on the documents in Eltayeb's file, ordered him deported. At approximately 10:00 a.m., both Eltayeb and his counsel arrived in court. The IJ, having moved on to other matters, declined to reopen the hearing. Eltayeb claimed he had experienced car trouble en route which had required his car to be towed and repaired. However, he failed to provide any evidence to substantiate this claim. Eltayeb's counsel claimed he did not appear without his client because the same IJ had refused to hear him in a previous, similar situation.

Eltayeb filed a timely motion to reopen the IJ's *in absentia* deportation order on April 19, 1994. The IJ subsequently denied the motion to reopen because Eltayeb had neither presented new evidence to substantiate his failure to appear, nor did his application for relief include any attachments or evi-

dence to support a favorable exercise of discretion by the court. IJ's Written Decision at 2.

Eltayeb then appealed the IJ's decision to the BIA. The BIA dismissed the appeal, affirming the IJ's finding that Eltayeb had not met the burden of showing exceptional circumstances regarding his failure to attend the hearing. BIA's Written Decision at 2. Eltayeb failed to file a petition for review with the United States Court of Appeals for the Second Circuit within 60 days, as provided in 8 U.S.C. § 1252b(c)(4). Instead, he filed this petition for a writ of habeas corpus in the United States District Court for the Northern District of New York on December 19, 1995, one week before the 60 day period had lapsed.[1] At that time, he was in INS custody in Albany, New York. The INS has since released Eltayeb and stayed his deportation awaiting disposition of this petition.

## II. DISCUSSION

### A. Jurisdiction

1. Subject matter jurisdiction

■ As an initial matter, this Court must consider its jurisdiction to adjudicate the petition. Respondent asserts that the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA")[2] in April, 1996, has removed this Court's subject matter jurisdiction. When Eltayeb filed this petition in December, 1995, 8 U.S.C. § 1105a(a)(10) allowed "any alien held in custody pursuant to an order of deportation [to] obtain judicial review thereof by habeas corpus proceedings," and § 1105a(a)(2) provided for judicial review of all final orders of deportation by the appropriate circuit court. Section 401(e) of the AEDPA deleted the habeas provision previously found in 8 U.S.C. § 1105a(a)(10). However, section 440(a) of

the AEDPA amended § 1105a(a)(10), which now reads: "Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 1251(a)(2)(A)(iii), (b), (c), or (d) . . . shall not be subject to review by any court."[3] As a result, respondent contends that this Court lacks jurisdiction over Eltayeb's habeas petition because the AEDPA precludes judicial review of final orders of deportation against aliens deportable for having committed a controlled substance offense.

To accept respondent's assertion that habeas proceedings are no longer available to deportable aliens is to ignore grave constitutional issues. The Constitution prohibits Congress from suspending the writ of habeas corpus "unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. Art. I, § 9, cl. 2. While Congress has plenary power over matters of immigration, that power is "subject to judicial intervention under the 'paramount law of the Constitution.'" *Carlson v. Landon,* 342 U.S. 524, 537, 72 S.Ct. 525, 533, 96 L.Ed. 547 (1952) (quoting *Fong Yue Ting v. United States,* 149 U.S. 698, 713, 13 S.Ct. 1016, 1022, 37 L.Ed. 905 (1893)). The AEDPA's amendments to the INA were a congressional attempt to speed the process by which aliens who have been convicted of certain criminal offenses are deported. However, because resident aliens enjoy constitutional protection, *see Kwong Hai Chew v. Colding,* 344 U.S. 590, 596, 73 S.Ct. 472, 477, 97 L.Ed. 576 (1953), it is necessary that the deportation scheme remain within constitutional bounds. To interpret the AEDPA as barring all habeas review available to such aliens would raise serious questions concerning the Constitution's Suspension Clause.

---

1. On January 18, 1996, the petition was transferred to the Southern District of New York pursuant to 28 U.S.C. § 1406(a). *See Eltayeb v. Ingham,* 95–CV–1802 (RSP) (DNH), Order at 2 (N.D.N.Y. Jan. 18, 1996).

2. Pub.L. No. 104–132, 110 Stat. 1214 (1996).

3. The term "final order of deportation" includes "'all matters on which the validity of the final order is contingent, rather than only those deter-

minations actually made at the hearing.' As is apparent, constitutional challenges to orders of deportation are encompassed within this definition." *Mbiya v. INS,* 930 F.Supp. 609, 612 (N.D.Ga.1996) (quoting *INS v. Chadha,* 462 U.S. 919, 938, 103 S.Ct. 2764, 2777, 77 L.Ed.2d 317 (1983)). In this case, adhering to respondent's view of the sweep of the AEDPA, Eltayeb's appeal—subsumed in the definition of "final order of deportation"—would now be barred. *See id.*

■ Therefore, assuming that Congress intended to remove the habeas provision from § 1105a, the question remains whether § 2241 concurrently provides habeas review to deportable aliens.[4] "[W]here two statutes are 'capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.'" *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1018, 104 S.Ct. 2862, 2881, 81 L.Ed.2d 815 (1984) (quoting *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974)). 28 U.S.C. § 2241 provides that a district court may entertain an application for a writ of habeas corpus if the petitioner is "in custody under or by color of the authority of the United States." This "in custody" requirement has been defined as actual, physical custody and also as release on bail or personal recognizance following actual, physical custody. *See United States ex rel. Marcello v. District Dir. of the INS, New Orleans,* 634 F.2d 964, 967 (5th Cir.1981). Released on his own recognizance, Eltayeb meets this "in custody" requirement.[5] Eltayeb filed this petition pursuant to both 8 U.S.C. § 1105a(a)(10) and 28 U.S.C. § 2241. This Court concludes, as have other district courts, that habeas review continues to be available under § 2241. *See, e.g., Dunkley v. Perryman,* No. 96 C 3570, 1996 WL 464191, at *2–*3 (N.D.Ill. Aug. 9, 1996); *Mbiya v. INS,* 930 F.Supp. 609, 612 (N.D.Ga.1996). As noted, to find otherwise would raise serious questions whether resident aliens suffer deprivation of their constitutional rights.

2. Personal jurisdiction

■ Respondent concedes that he is the custodian against whom the writ would issue, but argues that this Court lacks personal jurisdiction over him and should therefore transfer this petition to the Western District of New York.

■ A prisoner seeking a writ of habeas corpus must bring the petition against his custodian. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 494–495, 93 S.Ct. 1123, 1129–1130, 35 L.Ed.2d 443 (1973). Generally, the custodian is the person having day-to-day control over the prisoner. *See Guerra v. Meese,* 786 F.2d 414, 416 (D.C.Cir. 1986). Since Eltayeb was released on his own recognizance from the Albany facility, the INS District Director having control of the area in which he was incarcerated and presently resides is his proper custodian. *See United States ex rel. Sadiku v. INS,* No. 95 C 1487, 1995 WL 215050, at *3 (N.D.Ill. Apr. 11, 1995) (stating that custodian is either the INS District Director responsible for the district of confinement or the warden of the detention facility). Respondent concedes that he is the custodian, but asserts that because he is located outside of the Southern District, this Court may not direct a writ against him.

However, the Supreme Court has held that "[28 U.S.C.] § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction. . . .'" *Braden,* 410 U.S. at 495, 93 S.Ct. at 1130. Rule 4(e)(1) of the Federal Rules of Civil Procedure allows this Court to serve process on individuals in accordance with the laws of New York; those laws establish jurisdiction over persons located within the state. *See United States ex rel. Sero v. Preiser,* 506 F.2d 1115, 1127–28 (2d Cir. 1974). Thus, this Court is as able as a court in the Western District to assert jurisdiction over the respondent.[6] In the interests of

---

**4.** Respondent has not challenged Eltayeb's right to habeas review under § 2241 and has offered the Court no reason to decline to exercise jurisdiction under this statute.

**5.** Respondent does not dispute that petitioner, released on his own recognizance but subject to a final order of deportation, is considered "in custody" for purposes of his habeas corpus petition. *See Narayan v. Ilchert,* 799 F.Supp. 1047, 1050 n. 3 (N.D.Cal.1992) (noting that a person released on his or her own recognizance is "in custody" for habeas purposes).

**6.** Several courts, faced with similar arguments, have declined to exercise jurisdiction, relying on *Braden. See, e.g., Wang v. Reno,* 862 F.Supp. 801, 813 (E.D.N.Y.1994); *Peon v. Thornburgh,* 765 F.Supp. 155, 156 (S.D.N.Y.1991). The plain language of *Braden,* cited above, and the predisposition in this Circuit to reach the merits of a dispute in service to judicial economy compel the

judicial efficiency, this Court declines to again transfer Eltayeb's petition. *See* note 1, *supra.*

## B. Merits

■ It is clear that "with respect to aliens subject to orders of deportation for having committed crimes enumerated by Congress, the Constitution requires only that the writ of habeas corpus extend to those situations in which the petitioner's deportation would result in a fundamental miscarriage of justice." *Mbiya*, 930 F.Supp. at 612. This Court agrees that a narrow application of § 2241 is necessary to accommodate the balance between an alien's constitutional right to habeas review and Congress' power over matters of immigration. As Eltayeb has not established the threat of a fundamental miscarriage of justice in this case, he is not entitled to relief.

### 1. Due process claim

■ Eltayeb claims that he was denied due process when the order of deportation was entered against him *in absentia.* Due process requires that a party whose rights are to be affected have notice and an opportunity to be heard. *See Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). "[T]he requirement that an alien be given a 'reasonable opportunity' to be present at a deportation hearing is satisfied so long as the alien receives notice of the date and place of the hearing." *Thomas v. INS,* 976 F.2d 786, 789 (1st Cir.1992). Eltayeb concedes that he received notice of his deportation hearing, which also notified him that his failure to appear, absent exceptional circumstances, could result in an *in absentia* deportation order. Both he and his counsel failed to attend the scheduled hearing.

■ In order to reopen a case following an *in absentia* hearing, 8 C.F.R. § 3.2 requires that a motion to reopen "state the new facts ... and shall be supported by affidavits or other evidentiary material." When Eltayeb filed the motion to reopen with the IJ, he failed to include any evidence or personal affidavits to support a claim of exceptional

assertion of jurisdiction by this Court, in this

circumstances regarding his failure to attend the hearing. Upon appealing the IJ's decision to the BIA, he had an opportunity to comply with § 3.2 by offering support for his claim. He again failed to do so. Lastly, Eltayeb failed to appeal his order of deportation to the Second Circuit as then provided by 8 U.S.C. § 1105a(a)(2). Eltayeb's failure to comply with the statutory provisions does not amount to a denial of due process. Therefore, he is not entitled to habeas relief under the fundamental miscarriage of justice standard.

### 2. Abuse of discretion

■ "The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board...." 8 CFR § 3.2(a); *see also INS v. Phinpathya,* 464 U.S. 183, 188 n. 6, 104 S.Ct. 584, 588 n. 6, 78 L.Ed.2d 401 (1984). An abuse of discretion occurs when a decision is made without rational explanation, departs from established policies, or invidiously discriminates against a particular race or group. *See Hajiani-Niroumand v. INS,* 26 F.3d 832, 835 (8th Cir. 1994). Eltayeb claims that the IJ and the BIA abused their discretion in denying his motion to reopen and in concluding that he had not shown "exceptional circumstances" for his failure to appear, as required by 8 U.S.C. § 1252b. Section 1252b(c)(3) provides in pertinent part:

> Such an [*in absentia*] order may be rescinded only—(A) upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (f)(2) of this section)....

Section 1252b(f)(2) provides:

> The term "exceptional circumstances" refers to exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien.

Congress specifically listed the circumstances which it thought compelling. In his

case, notwithstanding these contrary decisions.

motion to reopen, Eltayeb's counsel simply stated that Eltayeb "was so unlucky that his car was busted, and he had to tow it." Petitioner's Motion to Reopen Dated Apr. 19, 1994 at 2. The BIA has held that mere statements by counsel do not constitute evidence. *See, e.g., Matter of Obaigbena,* 19 I. & N. Dec. 533, 534 n. 2 (B.I.A.1988) (noting that statements and assertions by counsel are not evidence). The INS filed its opposition papers to Eltayeb's motion to reopen three months prior to the IJ's denial. Eltayeb was therefore put on notice that counsel's statements carried no evidentiary weight and that failure to provide substantive evidence could result in denial of the motion. *See* INS' Opposition to Respondent's Motion Dated Apr. 26, 1994 at 2.

The IJ's written denial of the motion to reopen stated that no evidence was ever provided regarding the car trouble, and that "mere allegations of a car breakdown do not constitute 'exceptional circumstances'" as compelling as serious illness or death. IJ's Written Decision at 2. The IJ's conclusions do not support a finding of an abuse of discretion on his part.

Eltayeb also contends that the BIA abused its discretion when it affirmed the IJ's denial of the motion to reopen. Because 8 C.F.R. § 3.2 requires that the motion to reopen be supported by evidentiary material, the burden of demonstrating exceptional circumstances is on the alien. *See INS v. Jong Ha Wang,* 450 U.S. 139, 143–44, 101 S.Ct. 1027, 1030–31, 67 L.Ed.2d 123 (1981) (per curiam) (holding that BIA did not abuse its discretion in denying motion to reopen which was not supported by affidavits). Because Eltayeb presented no evidence to show that this decision was without rational explanation, or that it departed from established policies, or that it invidiously discriminated against his particular race or group, the Court is finds that there was no abuse of discretion on the part of either the IJ or BIA.

## III.   CONCLUSION

For the reasons set forth above, Eltayeb's petition for habeas corpus is denied, as are his requests for declaratory and injunctive relief. The complaint is dismissed.

SO ORDERED.