Dean Junior WEBB,
Petitioner/Plaintiff,

v.

John WEISS, Officer in Charge, Immigration and Naturalization Service; Robert Clifford, Supervisor, INS Detention & Deportation; John Doe, Airline Carrier, Respondents/Defendants.

No. 3:99CV1292(GLG).

United States District Court,
D. Connecticut.

Sept. 22, 1999.

Jose L. DelCastillo, DelCastillo & Assoc., Hartford, CT, for plaintiff.

James K. Filan, Jr., U.S. Attorney's Office, New Haven, CT, for defendants.

## *OPINION*

GOETTEL, District Judge.

On July 8, 1999, Petitioner filed a Motion for Temporary Restraining Order [**Doc. # 2**], asking this Court to enjoin his imminent deportation from the United States until the Board of Immigration Appeals ("BIA") rendered a decision on his appeal of the Immigration Judge's ("IJ's") denial of his request for a continuance of his deportation hearings and his appeal of the IJ's denial of his motion to reopen the deportation proceedings. Petitioner also filed a Petition for Habeas Corpus for Stay of Deportation [**Doc. # 1**]. Following oral argument, this Court issued a ruling temporarily staying Petitioner's deportation to allow the parties to submit briefs on several issues that had not been addressed. The stay was extended several times by agreement of the parties.

In the interim, the BIA issued its Decision, dated August 24, 1999, dismissing Petitioner's appeal. The BIA held that the IJ's denial of the motion to continue the final removal hearing was proper. The BIA further denied the motion to reopen, finding that Petitioner's failure to appear at the IJ hearing was not because of an exceptional circumstance and, therefore, the BIA dismissed that portion of the appeal requesting rescission of the order of removal entered in absentia. The BIA further considered Petitioner's request that the record should be returned to the IJ for consideration of his eligibility of for an adjustment of status. The BIA denied that request because the record indicated that relief was available to Petitioner at the time of the hearing that he failed to attend.

Because the BIA has rendered its decision on all pending appeals and Petitioner has exhausted all administrative remedies, his original motion for a temporary restraining order is now moot. His habeas petition, however, has not been adjudicated, and the parties have submitted briefs and supporting materials in accordance with this Court's decision [**Doc. # 10 & # 11**]. Petitioner has also filed an amended motion for a temporary restraining order [**Doc. # 13**] and an amended habeas petition [**Doc. # 12**]. He now asks this Court to stay his deportation until there has been an adjudication of his habeas petition.

Based upon the original and amended habeas petitions, as well as argument of counsel at the TRO hearing, and the evidence presented in response to the Court's Order of August 5, 1999, this Court finds that there are no factual issues in controversy and holds that a further evidentiary hearing on the Petition for Writ of Habeas Corpus is not required. Thus, the Court will rule on the merits of the habeas petition.

### *Background*

The factual background of this case is set forth in this Court's earlier decision. As noted above, the parties have supplemented the original record. The Court will expound upon the facts as needed in its discussion of the legal issues.

### *Discussion*

**1. Subject Matter Jurisdiction under § 2241**

■ Based largely upon the Second Circuit's decision in *Henderson v. INS*, 157 F.3d 106, 122, n. 15 (2d Cir.1998), *cert. denied sub nom., Navas v. Reno*, —— U.S.

——, 119 S.Ct. 1141, 143 L.Ed.2d 209 (1999), in our Opinion of August 5, 1999, we held that we had subject matter jurisdiction over Petitioner's due process challenges to the removal order under the general habeas statute, 28 U.S.C. § 2241. We adhere to our ruling in that regard.

Originally, Respondent INS had challenged our subject matter jurisdiction based largely upon Petitioner's failure to exhaust administrative remedies. INS now concedes that, because the BIA has ruled on all pending appeals, exhaustion is no longer an issue. INS, however, has renewed its objection to our subject matter jurisdiction based upon a footnote in *Henderson*, 157 F.3d at 122, n. 15, that habeas jurisdiction under § 2241 is available only where there is no other form of judicial review available.[1] In this case, INS asserts that Petitioner has a statutory right to appeal the BIA's decision to the Second Circuit pursuant to 8 U.S.C. § 1252(b)(2). On the other hand, in a footnote, INS states that, pursuant to 8 U.S.C. § 1252(g), no court has jurisdiction to review the BIA's denial of the stay of removal.

We do not read *Henderson* as precluding all § 2241 habeas relief simply because a right of appeal exists as to a portion of the BIA's decision, and, indeed, in this case, there appears to be no right to appeal the BIA's denial of the motion for a stay of removal. We emphasize, however,

as we did in our earlier ruling, the limited scope of habeas relief available under *Henderson*, which extends only to claims that an alien is in custody "in violation of the Constitution or laws or treaties of the United States."

### 2. Petitioner's Due Process Claim

Petitioner states in his Amended Petition for Writ of Habeas Corpus that he has brought this action to protect his "rights under the due process clause of the Fifth Amendment to the United States Constitution and under applicable Federal Law...." Petitioner does not deny that he was given timely notice of the final removal hearing, which he and his counsel failed to attend,[2] but asserts that the IJ denied his motion for a continuance without proper cause. He also claims that the IJ's denial of his motion to reopen departed from INS precedent. He further asserts that, if he is deported, he will be denied his right to exhaust all of his administrative and appellate remedies related to his removal from the United States. In his prayer for relief, Petitioner also requests that this Court to reverse the District Director's denial of his petition for adjustment of status.

 It is well-settled that aliens have due process rights in deportation hearings. *See, e.g., Nazarova v. INS,* 171 F.3d 478, 482 (7th Cir.1999). Procedural due process requires that a party whose rights are

---

1. The footnote in *Henderson* states:
 Our decision is premised on the notion that § 2241 habeas is *constitutionally required* only where the immigration laws have been interpreted to bar other forms of judicial review. *See Jean–Baptiste,* 144 F.3d at 218. 157 F.3d at 122, n. 15 (emphasis added).

2. Petitioner had attended several scheduled removal hearings with counsel, where he lad renewed his application for adjustment of status and his authorization for employment. Petitioner was given over five months notice of his final removal hearing. The Notice was dated August 6, 1998, and stated that the final removal hearing would take place before an IJ on January 26, 1999. The Notice stated that failure to appear except for exceptional circumstances could result in the hearing being held in his absence and that an order of removal could be entered. The Notice further indicated that the hearing could be rescheduled for an earlier date.

 On January 6, 1999, Petitioner's counsel sought a continuance because of a mediation conference that had been ordered in an unrelated matter pending in the United States District Court for the Middle District of Florida. On December 7, 1998, the District Judge in Florida had ordered counsel to conduct a mediation conference no later than January 29, 1999, and, according to counsel, the only date available to the parties and the mediator was January 26, 1999. The IJ denied the Motion for Continuance on January 7, 1999, nearly three weeks before the removal hearing.

to be affected have notice and a meaningful opportunity to be heard. *See Fuentes v. Shevin,* 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Landon v. Plasencia,* 459 U.S. 21, 32–33, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982).

 There is nothing inherently unconstitutional with an order of removal entered *in absentia. See, e.g., Fuentes–Argueta v. INS,* 101 F.3d 867, 872 (2d Cir.1996); *Marrero v. INS,* 990 F.2d 772, 778 (3d Cir.1993); *Eltayeb v. Ingham,* 950 F.Supp. 95, 100 (S.D.N.Y.1997). The relevant statute provides:

> Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be removed in absentia if the Service established by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2) of this section) . . . .

8 U.S.C. § 1229a(5)(A); *see also* 8 C.F.R. § 3.26 (*in absentia* hearings). Once an order of removal is entered *in absentia,* it may be rescinded only upon a motion to reopen if the alien demonstrates that the failure to appear was due to exceptional circumstances or was due to his failure to receive notice. 8 U.S.C. § 1229a(5)(C). Courts have held that the "requirement that an alien be given a 'reasonable opportunity' to be present at a deportation hearing is satisfied so long as the alien receives notice of the date and place of the hearing." *Thomas v. INS,* 976 F.2d 786, 789 (1st Cir.1992); *see also Eltayeb,* 950 F.Supp. at 100. In this case, Petitioner does not challenge the adequacy of the notice. Petitioner had a reasonable opportunity to be present at the deportation hearing. *See Wijeratne v. INS,* 961 F.2d 1344, 1346–47 (7th Cir.1992) (finding that alien who had moved 2,000 miles away

from place of hearing had reasonable opportunity to be present and that there was no due process violation in ordering her removed *in absentia* when she failed to appear). We find that there was no procedural due process violation in the IJ's ordering Petitioner removed *in absentia. See Fuentes–Argueta, supra,* (finding no due process violation where the alien's notice of deportation was returned "unclaimed" and the alien was ordered deported *in absentia* ); *Marrero, supra* (finding no due process violation where plaintiff had notice of the hearing and was aware of the circumstances of his failure to appear at the removal hearing); *Eltayeb, supra* (finding no due process violation where alien received notice of the hearing but he and his attorney did not attend).

 Petitioner complains, however, that the IJ improperly denied the motion for *continuance and motion to reopen.* So long as the statutory requirements of notice were met, thus affording Petitioner an opportunity to be heard, whether to continue or reopen the hearing are matters committed to the sound discretion of the IJ. *See* 8 C.F.R. §§ 3.23(b)(3) & (4)(ii); 3.29; *see also INS v. Doherty,* 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Anin v. Reno,* 188 F.3d 1273 (11th Cir.1999). Petitioner does not claim that the procedures themselves violate his right to due process. Indeed, a number of courts have specifically held that the statutory procedures for review of removal orders meet the minimum constitutional requirements. *See Perez–Casas v. INS,* 5 F.3d 538 (Table), 1993 WL 356801 (9th Cir.1993) (unpublished disposition); *Sewak v. INS,* 900 F.2d 667, 674 (3d Cir.1990) (holding that the right to reopen affords procedural due process). Furthermore, Petitioner does not argue that the IJ applied the wrong law to his case. Rather, he claims that the IJ weighed the facts incorrectly in finding that Petitioner had not shown "exceptional circumstances" for his failure to appear.[3] This does not

---

3. *"Exceptional circumstances"* are those "beyond the control of the alien," "such as serious illness of the alien or death of the spouse, child, or parent of the alien, but not including less compelling circumstances." 8 U.S.C. § 1229a(e)(1).

amount to a denial of substantive due process that would warrant invoking habeas petition relief.[4] *See Perez–Casas, supra* (finding no due process violation where plaintiff challenged the IJ's failure to grant a continuance and to reopen the removal proceedings, which plaintiff failed to attend, as an abuse of discretion). Thus, there is no basis for granting a petition for habeas corpus based upon the IJ's failure to grant a continuance or to reopen the removal hearing. *See Eltayeb*, 950 F.Supp. at 100.

■ At oral argument and in his amended petition and brief, Petitioner also complains that the District Director's denial of his I–485 Petition for adjustment of status was an abuse of discretion.[5] He argues that the Director should not have attributed to him public assistance benefits received by his wife in determining whether he was likely to become a public charge. Petitioner had renewed his application for adjustment of status in connection with the removal proceedings and had the opportunity to have this issue revisited by the IJ had he appeared at the removal hearing and availed himself of the opportunity to be heard. *See* 8 C.F.R. § 245.2(a)(5)(ii). The Second Circuit has held that the opportunity to apply for adjustment of status and then have a *de novo* review of the application in the context of deportation proceedings provides "ample process, particularly in light of the discretionary nature of section 245 relief." *Howell v. INS*, 72 F.3d 288, 293 (2d Cir.1995) (*quoting Jain v. INS*, 612 F.2d 683, 690 (2d Cir. 1979), *cert. denied*, 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980)). Here, Petitioner had that opportunity but did not avail himself of it by failing to attend the removal hearing of which he admits he had

notice. There has been no violation of his due process rights and, therefore, Petitioner's habeas petition is denied with respect to the denial of his request for an adjustment of status.

## CONCLUSION

Accordingly, finding no violation of the Constitution or laws or treaties of the United States, this Court DENIES the Amended Petition for Writ of Habeas Corpus and for Stay of Deportation [**Doc. # 12**] and **DENIES** the Amended Motion for Temporary Restraining Order [**Doc. # 13**]. The Clerk is directed to enter judgment dismissing the Petition and close this file.

SO ORDERED.

---

4. Petitioner expounds at length on why his attorney could not be present at the removal hearing but little is said about why Petitioner himself did not attend, other than the fact that his attorney instructed him not to attend. Petitioner has not raised an ineffective assistance of counsel argument, and, in fact, he is still represented by the same attorney. Therefore, although Respondents have addressed this matter in their brief, we will not address this issue, since it has not been raised by Petitioner.

5. The amendments to the Immigration and Nationality Act, codified at 8 U.S.C. § 1252(a)(2)(B)(i), abolished judicial review of status adjustment denials that arise out of the appeal of a removal order. *See Burger v. McElroy*, No. 97 CIV.8775(RPP), 1999 WL 203353, *4 (S.D.N.Y. Apr.12, 1999).