Mohammad Saleem **SHAH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 84–2306.

United States Court of Appeals, Fourth Circuit.

Submitted Jan. 15, 1986.

Decided March 14, 1986.

Edward N. Leavy on brief, for petitioner.

Richard K. Willard, Acting Asst. Atty. Gen., James A. Hunolt, Acting Asst. Director, Millicent Y. Clark, Office of Immigration Litigation, Washington, D.C., on brief, for respondent.

Before WINTER, Chief Judge, and SPROUSE and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

Mohammad Saleem Shah appeals the decision of the Board of Immigration Appeals that the immigration judge acted properly in ordering him deported in absentia. Shah claims that his due process rights were violated. We disagree and affirm the Board of Immigration Appeals.

I

Shah is a citizen of Pakistan who entered the United States on January 29, 1983 without inspection by immigration officials. He was apprehended and placed in deportation proceedings. On March 22, 1983, Shah appeared at his deportation hearing in El Paso, Texas, but he was not represented by counsel. Shah was found to be deportable and was ordered deported to Pakistan.

Shah obtained the services of an attorney on March 30, 1983 and moved both to reopen the deportation proceedings and to apply for asylum. The immigration judge granted Shah's motion and reopened the deportation proceeding. In his order, the immigration judge warned that if, after proper notification, Shah failed to appear at his reopened proceeding, "any and all applications for relief from deportation shall be deemed abandoned." Through a second attorney, Shah moved for a change in his custody status pursuant to 8 C.F.R. § 242.-2(b), (c). By an order dated April 26, 1983, the immigration judge ordered Shah released under a $3,000 bond.

Upon his release, Shah moved to Alexandria, Virginia, to the home of a friend who had provided him with bond money. Acting through a third attorney, Shah filed a motion for change of venue to the District of Columbia on June 13, 1983, stating that he had taken up residence in Alexandria. On October 13, 1983, Shah's motion was denied. In his order, the immigration judge reiterated that should Shah fail to appear for his reopened deportation hearing, any and all applications for relief would be deemed abandoned. The judge rescheduled the reopened deportation hearing for December 1, 1983. A copy of this order was served by certified mail on each of the three attorneys who had represented Shah before the immigration judge.

On October 25, 1983, Shah appealed the denial of his motion for change of venue to the Board of Immigration Appeals. The reopened hearing was convened before the immigration judge on December 1st, but neither Shah nor any of his attorneys appeared, and he was ordered deported to Pakistan in absentia. Shah appealed the deportation order to the Board of Immigration Appeals which dismissed both of his appeals by decision dated October 4, 1984.

The Board found the immigration judge's denial of the motion for change of venue was reasonable under the circumstances. As to Shah's absence, the Board relied upon 8 U.S.C. § 1252(b) (1982), which provides that:

> If any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend ... the special inquiry officer may proceed to a determination in like manner as if the alien were present.

The Board noted that the immigration judge's decision of October 13, 1983 had provided Shah with notice of the time and place of his reopened hearing and that it warned Shah for the second time of the consequences he faced if he failed to appear. The Board could find no "reasonable cause" which would excuse Shah's failure to appear.

II

Shah agrees that 8 U.S.C. § 1252(b) is controlling in this case. Shah was given proper notice of the time and place of his reopened hearing, and he was twice warned of the consequences he faced if he failed to appear. Because Shah had a reasonable opportunity to be present at his reopened hearing, the question becomes whether there was reasonable cause for his failure to be present.

Shah offers only one excuse for his failure to appear at the reopened proceeding. He claims that the proceeding should not have gone forward until the Board of Immigration Appeals had reviewed the immigration judge's decision to deny his motion for change of venue. Shah's appeal of the venue ruling, however, did not stay the reopened deportation proceedings, and is not reasonable cause within the meaning of 8 U.S.C. § 1252(b).

We hold that since Shah had reasonable opportunity to appear at the reopened proceeding, and since there was no reasonable cause for his failure to appear, the immigration judge acted properly by proceeding in absentia. Further, Shah's motion to remand and the motion of the INS to strike the rebuttal of the petitioner are denied. For the reasons foregoing, the decision of the Board of Immigration Appeals is

AFFIRMED.