Allen M. WIJERATNE, formerly known
as Allen M. Lowe, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 90–2482.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 7, 1991.

Decided April 24, 1992.

Patrick W. Lee, J. Michael Klise (argued), M. Claire Brier, Crowell & Moring, Washington, D.C., Eileen Doran, Barbara S. Gasperetti, Notre Dame Law School, Notre Dame, Ind., for petitioner.

Ira H. Raphaelson, Asst. U.S. Atty., Crim. Div., Chicago, Ill., Alison R. Drucker, David J. Kline, David M. McConnell (argued), Dept. of Justice, Office of Immigration Litigation, Richard L. Thornburg, U.S. Atty. Gen., Washington, D.C., Michael L. Harper, I.N.S., Chicago, Ill., for respondent.

Before BAUER, Chief Judge, POSNER and MANION, Circuit Judges.

MANION, Circuit Judge.

Petitioner Allen Margaret Wijeratne seeks review of a final decision of the Board of Immigration Appeals ("the BIA") denying her motion to reopen deportation proceedings and ordering her deported to Sri Lanka. For the reasons set forth in this opinion, we deny the petition for review and affirm the decision of the BIA.

## I.

Allen Margaret Wijeratne is a native and citizen of Sri Lanka. In March, 1987, she illegally entered the United States through Mexico. On March 23, 1987, the Immigration and Naturalization Service ("the INS") caught Wijeratne in El Paso, Texas and began deportation proceedings. On April 1, 1987, an accredited representative with the Catholic Social Services of Laredo, Texas, filed an appearance on Wijeratne's behalf.[1] On May 13, 1987, a deportation hearing was scheduled for June 8, 1987 before an immigration judge ("the IJ") in San Antonio, Texas, and notice of the hearing was sent to Wijeratne's representative of record. Shortly before the scheduled hearing, Wijeratne moved to New York. She left a forwarding address with her representative. Four days before her June 8th hearing, Wijeratne filed a motion to transfer venue to New York. The IJ denied the motion as untimely but ruled that the motion could be raised again at the hearing. Neither Wijeratne nor her representative appeared at the June 8th hearing.

The IJ rescheduled the hearing for June 22, 1987. Notice of this hearing was sent to Wijeratne's representative on June 12, 1987. By the time this notice was sent, however, Wijeratne had moved again and had not notified the IJ or her representative of her new address. Again, Wijeratne failed to appear at the hearing. The IJ held the hearing anyway, *in absentia*. *See* 8 U.S.C. § 1252(b). Based on documents submitted by the INS, the IJ found that Wijeratne was deportable as an alien who entered the United States without inspection, *see* 8 U.S.C. § 1251(a)(1)(B), and ordered her deported to Sri Lanka.

Five months later, on November 13, 1987, Wijeratne filed a motion to reopen deportation proceedings to present claims of asylum, 8 U.S.C. § 1158, and withholding of deportation, 8 U.S.C. § 1253(h). The IJ denied the motion finding that Wijeratne had not established good cause for failing to appear at the hearings or for the extended delay in filing the motion to reopen. Wijeratne appealed to the BIA, and the BIA affirmed.

Wijeratne seeks review of the BIA's decision affirming the IJ's denial of her motion to reopen deportation proceedings. The BIA's decision is a "final order" subject to judicial review in the United States courts

---

**1.** An alien may be represented at a deportation hearing by (among others) an attorney or an "accredited representative" of a qualified organization. *See* 8 C.F.R. §§ 3.15, 242.10, 292.1, 292.2.

of appeal. 8 U.S.C. § 1105a(a); *INS v. Abudu*, 485 U.S. 94, 96, 108 S.Ct. 904, 907, 99 L.Ed.2d 90 (1988); *Oviawe v. INS*, 853 F.2d 1428, 1430 (7th Cir.1988). Wijeratne raises two issues. First, she argues that the IJ violated 8 U.S.C. § 1252(b) and due process by conducting the deportation hearing *in absentia*. Second, Wijeratne argues that the BIA abused its discretion by affirming the IJ's denial of her motion to reopen without considering the evidence she submitted in support of the political asylum and withholding of deportation claims.

## II. IN ABSENTIA HEARING

Section 1252(b) provides that "[i]f any alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present." 8 U.S.C. § 1252(b). The IJ, finding that Wijeratne had been given a reasonable opportunity to be present and had no reasonable cause for twice failing to appear, used his authority under Section 1252(b) to conduct Wijeratne's deportation hearing *in absentia*. Wijeratne argues that holding the hearing without her violated due process and the statute.

■ As the INS points out, Wijeratne did not present her due process challenge to the BIA and, therefore, did not exhaust her administrative remedies. *See* 8 U.S.C. § 1105a(c); *Drobny v. INS*, 947 F.2d 241, 245 (7th Cir.1991). We also, however, see no due process violation. Wijeratne's due process argument was made and rejected in *Maldonado–Perez v. INS*, 865 F.2d 328 (D.C.Cir.1989). The court in *Maldonado–Perez* held that the statutory due process protections in 8 U.S.C. § 1252(b) meet the minimum constitutional requirements. *Id.* at 332–33. *See also Reyes–Arias v. INS*, 866 F.2d 500, 502–03 (D.C.Cir.1989); *Patel v. INS*, 803 F.2d 804, 806 (5th Cir.1986). We agree. The statute provides that an alien must have a reasonable opportunity to appear at the deportation hearing; *in absentia* hearings are allowed only if an alien fails to appear at the hearing without reasonable cause. This is constitutionally sufficient, especially in light of the strong governmental interest in preventing aliens who have entered this country illegally from avoiding deportation simply by failing to appear for their hearings. Thus, if the IJ complied with Section 1252(b), there is no due process violation.

■ In this case, the IJ complied with Section 1252(b). Wijeratne had a reasonable opportunity to be present at her deportation hearing. She was given one month's notice of the first scheduled deportation hearing. When she failed to appear at the first hearing, the IJ (although he was not required to) gave Wijeratne a second hearing two weeks later. Notice was sent to Wijeratne's representative of record ten days before the hearing. Wijeratne had two chances to appear—clearly a "reasonable opportunity." *In absentia* deportation hearings have been upheld on far less. For example, in *Maldonado–Perez*, the alien (who had moved from Texas to Washington D.C. and then asked for a change of venue) had two months' notice of his hearing; but he failed to appear. 865 F.2d at 330. The IJ recessed for the morning to allow the alien to appear, but in the afternoon, the IJ held the deportation hearing *in absentia*. *Id.* at 331. The D.C. Circuit held that the alien had a reasonable opportunity to be present. *Id.* at 333–35. In *Patel*, the alien had one month's notice of his deportation hearing; when he failed to appear, the IJ immediately proceeded *in absentia*. 803 F.2d at 805–06. The Fifth Circuit held that the alien was "clearly afforded a 'reasonable opportunity to be present.'" *Id.* at 806. *See also Shah v. INS*, 788 F.2d 970, 972 (4th Cir.1986) (IJ held deportation hearing *in absentia* after alien who was given two months notice failed to appear).

■ Wijeratne argues that she did not have a reasonable opportunity to appear because she was living in New York (some 2,000 miles away from San Antonio) and did not receive actual notice of the second hearing. Given that Wijeratne voluntarily

moved to New York from Texas shortly before her first scheduled hearing, she cannot complain that holding the hearing in Texas was too burdensome. *See Maldonado–Perez,* 865 F.2d at 333 ("Although an indigent, the petitioner was resourceful enough to travel to Washington from San Antonio. He does not explain why he could not use those same talents to return to San Antonio."). Similarly, Wijeratne's protestation that she did not receive actual notice of the second hearing is to no avail. First of all, since an accredited representative had filed an appearance on behalf of Wijeratne, the IJ was only required to send notice to that representative. 8 C.F.R. § 292.5(a). The notice sent to her representative was effective to constitute notice to Wijeratne. *Reyes–Arias,* 866 F.2d at 503 (only actual notice to counsel required); *Men Keng Chang v. Jiugni,* 669 F.2d 275, 277–78 (5th Cir.1982) ("service upon appellant's counsel here was effective to constitute notice to appellant"). Further, at the time of the second notice, Wijeratne had moved to another location in New York, and she had not informed the IJ or her representative of her new address. Thus, if Wijeratne failed to receive notice of the second hearing, it was entirely her own fault.

■ Wijeratne also did not have reasonable cause for failing to appear at either of the hearings. Wijeratne argues that her failure to appear is excusable because she had sought a change of venue. Wijeratne voluntarily moved to New York and filed the motion for change of venue only four days before the first scheduled hearing. The IJ, as it was in his discretion to do, denied the motion as untimely but indicated that Wijeratne could renew the motion at the hearing. Wijeratne never renewed the motion for change of venue and never appealed the IJ's denial of the motion. Wijeratne's motion, which was denied four days before her first hearing, does not excuse her failure to appear at either of the scheduled hearings. *See Maldonado–Perez,* 865 F.2d at 335 ("mere submission of a motion for change of venue does not provide reasonable cause for absence of an alien or his counsel"); *Patel,* 803 F.2d at 806 ("mere submission of a motion for continuance does not relieve an alien or his counsel of the obligation to appear for a noticed hearing"); *Shah,* 788 F.2d at 972 (pending appeal of IJ's denial of motion to change venue is not reasonable cause for failing to appear).

### III. MOTION TO REOPEN

Wijeratne has raised claims for asylum, 8 U.S.C. § 1158, and withholding of deportation, 8 U.S.C. § 1253(h). Normally, such claims for relief from deportation must be raised before or during deportation proceedings. 8 C.F.R. §§ 208.4, 242.17. In addition, at the time of Wijeratne's deportation proceedings, federal regulations gave Wijeratne ten days from being ordered deported to file an application for withholding of deportation. 8 C.F.R. § 242.17(c) (1987). If Wijeratne had followed these procedures, the IJ would have examined any evidence and decided the claims on the merits. Wijeratne, however, failed to appear at her deportation hearings and did not comply with these procedural requirements. Rather, she chose to raise her asylum and withholding of deportation claims in a motion to reopen, filed five months after being ordered deported.

■ There is no statutory provision for reopening deportation proceedings. The authority for such motions derives solely from federal regulations. *See, e.g.,* 8 C.F.R. §§ 3.2, 208.19, 242.22; *INS v. Doherty,* —— U.S. ——, 112 S.Ct. 719, 724, 116 L.Ed.2d 823 (1992); *Achacoso–Sanchez v. INS,* 779 F.2d 1260, 1264 (7th Cir.1985). The regulations do not tell the IJ or the BIA when a motion to reopen should be granted. Rather, the regulations (including the relevant regulation in this case, 8 C.F.R. § 242.22) are "couched solely in negative terms," *Doherty,* 112 S.Ct. at 724, providing that under certain circumstances a motion to reopen must be denied:

A motion to reopen will not be granted unless the immigration judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing; nor will any motion to re-

open for the purpose of providing the respondent with an opportunity to make an application under § 242.17 [for asylum or withholding of deportation] be granted if respondent's rights to make such application were fully explained to him/her by the immigration judge and he/she was afforded an opportunity to do so at the hearing, unless circumstances have arisen thereafter on the basis of which the request is being made.

8 C.F.R. § 242.22. *See also Achacoso–Sanchez,* 779 F.2d at 1264 (the regulations contain "a long list of reasons why reopening may be denied without once suggesting when it might be granted").

"The granting of a motion to reopen is thus discretionary." *Doherty,* 112 S.Ct. at 724; *see also INS v. Rios–Pineda,* 471 U.S. 444, 449, 105 S.Ct. 2098, 2101, 85 L.Ed.2d 452 (1985) ("granting a motion to reopen is a discretionary matter with BIA"); *Achacoso–Sanchez,* 779 F.2d at 1265 ("The power to reopen a case … is a power to dispense mercy. No one is entitled to mercy, and there are no standards by which judges may patrol its exercise."). We review the BIA's decision only for abuse of that discretion. *Doherty,* 112 S.Ct. at 724–25. *See also Oviawe v. INS,* 853 F.2d 1428, 1430–31 (7th Cir.1988); *El–Gharabli v. INS,* 796 F.2d 935, 937 (7th Cir.1986); *Conti v. INS,* 780 F.2d 698, 700–01 (7th Cir.1985); *Achacoso–Sanchez,* 779 F.2d at 1264–65. In this circuit, the BIA does not abuse its discretion and the denial of a motion to reopen will be upheld "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Achacoso–Sanchez,* 779 F.2d at 1265. These standards apply " 'regardless of the underlying basis of the alien's request for relief.' " *Doherty,* 112 S.Ct. at 725 (quoting *INS v. Abudu,* 485 U.S. 94, 99 n. 3, 108 S.Ct. 904, 909 n. 3, 99 L.Ed.2d 90 (1988)).

In this case, the BIA affirmed the IJ's denial of Wijeratne's motion to reopen because of her unreasonable failure to appear at the deportation hearings. Wijeratne does not argue that the BIA did not rationally explain its decision, departed from established policies, or that procedur-

al default is an impermissible basis for denying the motion. Rather, Wijeratne's only complaint is that the BIA denied her motion to reopen without considering the evidence she submitted in support of her asylum and withholding of deportation claims.

The fatal flaw in this argument is that although submitting new and material evidence is a prerequisite for obtaining relief under the regulations, the regulations do not require the BIA to reopen deportation proceedings when an alien submits such evidence. In other words, even if the new evidence established Wijeratne's eligibility for asylum and withholding of deportation, the BIA could still deny her motion to reopen on discretionary grounds. *Rios–Pineda,* 471 U.S. at 449, 105 S.Ct. at 2101 ("even assuming that respondents' motion to reopen made out a prima facie case of eligibility for suspension of deportation, the Attorney General had discretion to deny the motion to reopen."); *El–Gharabli,* 796 F.2d at 937 ("although in a motion to reopen an alien must show prima facie eligibility for the relief he seeks, the INS has the discretion to deny a motion to reopen even if the movant has made out a prima facie case") (citations omitted). Thus, when a motion to reopen is denied on proper discretionary grounds, as it was here, the new evidence is simply irrelevant, and the BIA is not required to examine it. The BIA did not abuse its broad discretion by affirming the IJ's denial of Wijeratne's motion to reopen without examining the evidence she submitted in support of the claims for asylum and withholding of deportation.

Even if the BIA had examined Wijeratne's "new" evidence, however, it could not have concluded that Wijeratne was entitled to reopened proceedings. In her motion to reopen, Wijeratne claimed eligibility for asylum and withholding of deportation because of her fear that she would be persecuted for her membership in the Center for Society and Religion ("the Center"), an organization working for the peaceful resolution of the civil war between the Sinhalese (the majority, government-supported faction) and the Tamils (the minority faction). However, the only evidence that Wijeratne submitted with her motion to re-

open were nine, then-recent articles from the New York Times about the civil war in Sri Lanka. This is not new evidence. The articles merely report, in general terms, on recent events in the Sri Lankan civil war which had been raging for four years—that is, for four years before Wijeratne's first scheduled deportation hearing. The civil war was being fought when Wijeratne left Sri Lanka; Wijeratne was a member of the Center when she left Sri Lanka. The newspaper articles do not show that members of the Center were facing any (let alone new or increased) persecution in November, 1987. Thus, there is no reason why Wijeratne could not have brought her claims for relief from deportation and presented evidence on the civil war at her original hearings.

## IV.

For the foregoing reasons, the petition for review is

DENIED.