5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alejo TREJO-SANTOSCOY, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70179.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 13, 1993.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, INS No. Acs-qix-xjr.
 BIA
 PETITION DENIED.
 Before: TANG, CANBY AND BEEZER, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alejo Trejo-Santoscoy petitions for review of an order of the Board of Immigration Appeals dismissing his appeal of an immigration judge's decision ordering that he be deported. Trejo-Santoscoy contends that he was denied due process of law when the immigration judge ruled that Trejo-Santoscoy had abandoned his application for relief from deportation and therefore would not be permitted to pursue a waiver of deportation.
 
 
 3
 We deny the petition for review.
 
 DISCUSSION
 
 4
 Trejo-Santoscoy maintains that the deportation order was inappropriate and violated his due process rights because extenuating circumstances prevented him from appearing at his deportation hearing.
 
 
 5
 The immigration judge's decision to proceed with the deportation hearing without Trejo-Santoscoy was within his discretion. Trejo-Santoscoy had been given a reasonable opportunity to be present at the hearing and had been notified that failure to appear at the hearing could result in an order of deportation being issued in his absence. 8 U.S.C. Sec. 1252(b) (Supp.1993); Immigration & Naturalization Serv. v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984).
 
 
 6
 In ruling that Trejo-Santoscoy had waived his right to seek relief from deportation, the immigration judge did not abuse his discretion or deny Trejo-Santoscoy due process. Trejo-Santoscoy's unsupported assertions that he could not appear at his hearing because he had to care for his children do not demonstrate that he had reasonable cause for his nonappearance. Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 110-11 (1988); Wijeratne v. Immigration & Naturalization Serv., 961 F.2d 1344, 1348 (7th Cir.1992).[1]
 
 
 7
 Trejo-Santoscoy's petition is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Trejo-Santoscoy contends that when the immigration judge ruled that Trejo-Santoscoy had waived his right to seek relief from deportation, the judge was operating under the erroneous impression that Trejo-Santoscoy had failed to appear for previous scheduled deportation hearings. Trejo-Santoscoy failed to raise this argument before the Board of Immigrations Appeals and we decline to consider it now. Burr v. Immigration & Naturalization Serv., 350 F.2d 87, 89 (9th Cir.1965), cert. denied, 383 U.S. 915 (1966); see also Florez-de Solis v. Immigration & Naturalization Serv., 796 F.2d 330, 335 (9th Cir.1986) (alien may not raise argument related to adequacy of record for first time on petition for review)