16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Audrey Mae FELLOWS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3668.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1994.
 
 Before: MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Audrey Mae Fellows petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from an Immigration Judge's (IJ) decision denying her motion to reopen her deportation proceedings to allow her to move for waiver of deportation under Sec. 212(c) of the Immigration and Naturalization Act, 8 U.S.C. Sec. 1182(c). Fellows has not requested oral argument, and the respondent has affirmatively waived oral argument. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P 34(a).
 
 
 2
 Fellows is a citizen of Jamaica who entered this country in 1975 at the age of eleven as a lawful permanent resident. In 1990, she entered a guilty plea in a Michigan state court to a charge of delivery of less than fifty grams of cocaine and was sentenced to one to twenty years of imprisonment. After her parole, she was personally served with an order to show cause why she should not be deported based on her conviction. She appeared at one hearing pursuant to this order and was granted a continuance to obtain representation. She contacted a representative and began compiling an application for a waiver of deportation under Sec. 212(c). However, she began to miss her appointments with her representative on August 30, 1991. She did not appear at the hearing on September 10, 1991. That morning, she called her representative and asked her to obtain a continuance because she had fled her home to escape her abusive fiance and did not have transportation. Her representative succeeded in obtaining another continuance, despite lacking written authorization to represent Fellows. Notice of the new hearing date of November 8, 1991, was mailed to Fellows' last known address. The representative also made several unsuccessful attempts to notify Fellows of the hearing. When Fellows did not appear on November 8, 1991, the IJ ordered her deportation in absentia.
 
 
 3
 Fellows subsequently violated her parole and was reincarcerated, where she was located by the respondent. She was then paroled into INS custody. At that point, Fellows moved the IJ to reopen her deportation proceedings to allow her to apply for a waiver of deportation. She argued that she did not have notice of the deportation hearing because she was in hiding from her abusive fiance and was not acting rationally enough to pursue her deportation case. The IJ denied the motion to reopen, and Fellows appealed to the BIA. The BIA dismissed the appeal, finding that Fellows had reasonable opportunity to appear at the hearing and had not established reasonable cause to excuse her absence.
 
 
 4
 Fellows challenges these findings in her appellate brief. She also argues that she is still eligible for a waiver of deportation, an issue not ruled on by the BIA, and that the BIA confused the requirements that she have reasonable opportunity to appear and that she failed to establish cause to excuse her non-appearance. Upon review, we find no abuse of discretion in the denial of the motion to reopen. See INS v. Doherty, 112 S.Ct. 719, 725 (1992). The denial of the motion to reopen was not an abuse of discretion because it is not without rational explanation, does not inexplicably depart from established policies, and does not rest on an impermissible discriminatory basis. See Balani v. INS, 669 F.2d 1157, 1161 (6th Cir.1982) (per curiam).
 
 
 5
 The BIA's order does not lack a rational explanation because Fellows, having once contacted her representative after her flight from her fiance to request that she obtain a continuance, could be expected to contact her again to find out the status of her case. The BIA did not err in its discussion of the requirement of reasonable opportunity to appear and failure to establish cause for non-appearance, because the same reason supports both findings. Fellows should have contacted her representative following the second hearing date. See Wijeratne v. INS, 961 F.2d 1344, 1347 (7th Cir.1992) (where alien moves without forwarding address, failure to receive notice is her own fault); Reyes-Arias v. INS, 866 F.2d 500, 503 (D.C.Cir.1989) (alien's election to remain out of touch is not reasonable cause for missing hearing).
 
 
 6
 The denial of the motion to reopen is also not an inexplicable departure from established policy and does not rest on an impermissible discriminatory basis. Because no abuse of discretion has been shown, the petition for review is denied, and the order of the BIA is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.