19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gilberto Antonio MIRANDA-CRUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70646.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 An immigration judge (IJ) ordered Gilberto Antonio Miranda-Cruz deported in absentia. The Board of Immigration Appeals (BIA) dismissed his appeal and motion to remand. He petitions for review. We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and deny the petition for review.
 
 
 3
 The immigration judge (IJ) found Miranda-Cruz deportable on February 20, 1992 in Los Fresnos, Texas. He appeared without an attorney. The IJ continued the hearing for two weeks to allow him to prepare an application for asylum and withholding of deportation. On March 5 the IJ granted an additional two week continuance to March 19. Miranda-Cruz posted a bond and was released from the custody of the Immigration and Naturalization Service (INS) on March 11. He then traveled to California.
 
 
 4
 The IJ received a letter from him on March 18 requesting a change of venue to Los Angeles, California. He did not appear at his March 19 hearing, and did not file a written application for asylum. The IJ held the hearing in absentia. He found that Miranda-Cruz had no reasonable cause to support a change of venue or to excuse his failure to appear. The IJ ruled that he had abandoned his application and ordered that he be deported to Nicaragua.
 
 
 5
 He filed an appeal and motion to remand with the BIA to allow him to file for asylum, withholding of deportation, or in the alternative for voluntary departure. Miranda-Cruz argued that he had reasonable cause for failing to appear.
 
 
 6
 A deportation hearing may be held in absentia if the alien has been given a reasonable opportunity to be present. 8 U.S.C. Sec. 1252(b); Immigration and Naturalization Service v. Lopez-Mendoza, 468 U.S. 1032, 1038-39 (1984). To prevail on a motion to remand "the alien must establish that he had 'reasonable cause' for his absence from the proceedings." Matter of Haim, 19 I & N Dec. 641, 642 (BIA 1988). We review the BIA decision for abuse of discretion. INS v. Doherty, 112 S.Ct. 719, 724-25 (1992); Rodriguez v. Immigration and Naturalization Service, 841 F.2d 865, 867 (9th Cir.1987) (requirements for motion to remand and motion to reopen are the same).
 
 
 7
 The BIA did not abuse its discretion. Miranda-Cruz admits he understood he was to appear for all hearings and interviews. At the February 20 hearing, the IJ told him that if he failed to file an asylum application at the March 5 hearing, the IJ could rule his application abandoned. After the March 5 hearing the INS provided him written notice of his March 19 hearing, which stated that a hearing could be held and an order entered against him in his absence. But he claims to have mistakenly believed that he did not have to appear with a completed application after bonding out of custody, and that his case would be transferred to Los Angeles upon request.
 
 
 8
 He failed to demonstrate reasonable cause. His voluntary choice to leave the jurisdiction knowing he had a hearing was not reasonable. Nor does requesting a change of venue provide reasonable cause for failing to appear. Matter of Rivera, 19 I & N 688, 690 (BIA 1988); Wijeratne v. INS, 961 F.2d 1344, 1347 (7th Cir.1992).
 
 
 9
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3