108 F.3d 1379
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Amir H. RAHIMI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-1873.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1997.*
Decided March 11, 1997.
Rehearing Denied April 15, 1997.
 
 Petition for Review of an Order of the Board of Immigration Appeals, No. Ahi-rwu-spk
 BIA
 REVIEW DENIED.
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Amir Rahimi is a citizen and native of Iran who entered the United States without inspection on February 14, 1991. After being apprehended, Rahimi pleaded guilty in federal district court to entering the United States in violation of 8 U.S.C. § 1325. Deportation proceedings were commenced against Rahimi pursuant to 8 U.S.C. § 1251(a)(1)(B), based on his entry without inspection. The Order to Show Cause advised Rahimi to appear for a hearing before an immigration judge (IJ) at a time and place to be determined. It also warned him that "[f]ailure to attend the hearing at the time and place designated hereon may result in a determination being made by the [IJ] in your absence."
 
 
 2
 Rahimi was released on bond from the custody of the Immigration and Naturalization Service pending deportation proceedings. A series of notices were mailed to Rahimi's address in Sacramento, California, at first scheduling the hearing and then rescheduling it after Rahimi successfully moved for a change of venue and a continuance to obtain counsel. Rahimi moved to Arlington, Texas, and filed a second motion for a change of venue. The IJ granted the motion on December 17, 1991, transferring his deportation proceedings from San Francisco to Dallas. A written notice dated December 23, 1991, was mailed to the Arlington address provided in the motion. The notice stated that the case was scheduled for a hearing before an IJ in Dallas on January 27, 1992. As with the several previous notices, this notice contained a warning that if he failed to appear, the hearing "may be held in your absence and an order entered against you."
 
 
 3
 However, Rahimi did not appear. In an order dated January 27, 1992, an IJ in Dallas ordered in absentia that Rahimi be deported to Iran, on the ground charged in the Order to Show Cause. The IJ found that Rahimi was notified of the date and place of the hearing, and of the consequences of failing to appear, and yet did not appear. The IJ also concluded that Rahimi's conviction for entry without inspection established his deportability, and that relief from deportation was not warranted, due to lack of prosecution and failure to establish eligibility for relief.
 
 
 4
 A copy of the IJ's order was mailed on January 28, 1992, to Rahimi at his Arlington address. A cover letter explained that the order was final unless an appeal was taken by February 10, 1992. In a response dated February 10, Rahimi acknowledged receipt of the order of deportation, and advised the court of his marriage two days earlier. The response did not indicate an intention to appeal the IJ's decision.
 
 
 5
 In April 1994, Rahimi's counsel moved to reopen the deportation proceedings. The motion alleged that Rahimi "never received a notice of his Deportation hearing, and could not file for an appeal to the BIA thus denying his right to appeal his in absentia order of Deportation." The motion also asserted that the deportation should be stayed or canceled, citing Rahimi's subsequent residence, his marriage, and the birth of his child. An application for asylum (dated April 24, 1991) was attached to the motion.
 
 
 6
 Venue was transferred to Chicago, and there an IJ denied the motion to reopen. Among other findings, the IJ determined that Rahimi did receive proper notice of the January 27, 1992, hearing, and lacked reasonable cause for his failure to appear. The Board of Immigration Appeals (BIA) dismissed Rahimi's appeal, and in doing so came to the same conclusions about Rahimi's failure to appear. Rahimi has timely petitioned for review from this court.
 
 
 7
 An alien who is subject to a deportation hearing must be given "a reasonable opportunity" to be present at the hearing. Wijeratne v. INS, 961 F.2d 1344, 1346-47 (7th Cir.1992); 8 U.S.C. § 1252(b) (1988). Once the alien has been given a "reasonable opportunity" to appear, the IJ may hold the hearing in absentia if the alien lacks "reasonable cause" for failing or refusing to attend. Wijeratne, 961 F.2d at 1346-47; 8 U.S.C. § 1252(b) (1988). Neither the motion to reopen nor the appeal to the BIA indicated how Rahimi might have been deprived of a reasonable opportunity to appear, or how he had reasonable cause not to attend.
 
 
 8
 In his pro se brief to this court, Rahimi offers several suppositions as to how he allegedly failed to receive the notice of the hearing: the INS's failure to use certified mail; the large amount of mail delivered at Christmas-time; the large number of mailboxes at his apartment complex; and the near blindness of his uncle, who collected the mail from his mailbox. These suggestions were surely waived--or more precisely, not exhausted--given that they were never presented during the deportation proceedings or the proceedings on the motion to reopen. See Wijeratne, 961 F.2d at 1346; 8 U.S.C. § 1105a(c).
 
 
 9
 We must conclude that BIA did not abuse its discretion in concluding that Rahimi had been given a reasonable opportunity to attend the deportation hearing, and had not shown reasonable cause for his failure to attend. We also must conclude that it did not abuse its discretion in refusing to consider the evidence outlined in the affidavit of Rahimi's new counsel. "[W]hen a motion to reopen is denied on proper discretionary grounds,[1] as it was here, the new evidence is simply irrelevant, and the BIA is not required to examine it. The BIA did not abuse its broad discretion by affirming the IJ's denial of [Rahimi's] motion to reopen without examining the evidence [he intended to submit] in support of the claims for asylum[,] withholding of deportation[,]" or other relief. Wijeratne, 961 F.2d at 1348.
 
 
 10
 We cannot consider the applications and affidavits appended to, or the new evidence discussed in, Rahimi's brief. Rahimi can submit such applications and evidence only to the IJ or to the BIA in another motion to reopen--assuming that on the facts of his case and at this late date he is even eligible to do so. See 8 C.F.R. §§ 3.2(c), 3.23(b), & 242.22.
 
 
 11
 The petition for review is DENIED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Rahimi does not attack the other grounds relied upon by the BIA, and thus we need not decide whether they are proper