## UNITED STATES of America, Plaintiff–Appellee,

v.

## Ramiro GOMEZ–GUTIERREZ, Defendant–Appellant.

### No. 96–50653.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 1998.

Decided April 8, 1998.

---

Maria E. Stratton, Federal Public Defender, Los Angeles, California, for defendant-appellant.

Mary E. Fulginiti, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: WALLACE, TROTT and HAWKINS, Circuit Judges.

PER CURIAM:

Gomez-Gutierrez appeals from his conviction for illegal reentry in violation of 8 U.S.C. § 1326 and from the sentence imposed for that conviction. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 1291, and we affirm.

There is no dispute that the predicate act for Gomez–Gutierrez's conviction will be met if any one of his three prior deportations are valid. We focus on his 1989 deportation. Gomez–Gutierrez first contends that the 1989 deportation violated due process because he was deprived of a reasonable opportunity to be present at the deportation hearing.

The Immigration and Naturalization Service (INS) is not required to provide actual notice, but only to make a reasonable effort to do so under all the circumstances. *See* 8 U.S.C. § 1252(b)(1); *see generally Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15, 70 S.Ct. 652, 657–58, 94 L.Ed. 865 (1950). It is a fair inference that on January 14, 1988, Gomez–Gutierrez told an INS agent that his address was on Woodworth Avenue. However, on July 1, 1988, Gomez–Gutierrez signed another document and received one document, each of which listed his address as on Walnut Street. We need not resolve the factual issue of how the Walnut address came to be listed on these forms, because Gomez–Gutierrez received one form and signed the other with this address. Given Gomez–Gutierrez's failure to change the document to reflect the Woodworth address, the INS reasonably sent the notice of the hearing to the Walnut address, his last known address.

Gomez-Gutierrez's argument that he must have signed this form without noticing the incorrect address is unpersuasive. In other contexts, we have held that the affixing of a signature is not a mere formality, but rather

signifies that the signer has read the document and attests to its accuracy. *See, e.g., United States v. Cain,* 130 F.3d 381, 383 (9th Cir.1997) (holding that attorney's signature is certification that the document is correct). Especially critical is the fact that on one of the documents, Gomez–Gutierrez's signature appears *directly* above the Walnut address. Therefore, we hold that the 1989 deportation hearing did not violate due process, as the INS took reasonable steps to provide him with notice of the hearing.

Gomez-Gutierrez also argues that there was a due process violation in the 1989 deportation hearing because in absentia hearings are structurally defective, and thus not amenable to harmless error analysis. He cites the dissent in our case of *United States v. Leon–Leon,* 35 F.3d 1428, 1433–35 (9th Cir.1994). Obviously the majority opinion is to the contrary, but we need not reach this argument in this appeal because there was no error.

Gomez-Gutierrez also argues that the Sixth Amendment requires that counsel be provided at deportation hearings, because deportation comprises an element of the offense. We rejected this contention in *Rios–Berrios v. INS,* 776 F.2d 859, 862 (9th Cir. 1985). We do not read *United States v. Mendoza–Lopez,* 481 U.S. 828, 838 n. 15, 107 S.Ct. 2148, 2155 n. 15, 95 L.Ed.2d 772 (1987), as disturbing this holding, as the dicta in *Mendoza–Lopez* dealt only with the need for some meaningful judicial review of deportation decisions.

Finally, Gomez–Gutierrez contends that the district court abused its discretion by not departing downward based on the failure of the United States Attorney for the Central District of California to offer the "fast-track" plea agreement available in the Southern District of California. A district court's decision not to depart downward is beyond appellate review unless the court indicates that it was prohibited as a matter of law from doing so. *United States v. Brownstein,* 79 F.3d 121, 122 (9th Cir.1996). In this case, the district court exercised its discretion not to depart because the reason advanced was not sufficient to warrant departure. Therefore, we lack jurisdiction to review this issue.

AFFIRMED.

MICHAEL DALY HAWKINS, Circuit Judge, concurring:

I concur in the judgment.