Hisham A. SABAILEH, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 00–2535.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 13, 2000.

Decided Feb. 13, 2001.

Before COFFEY, EASTERBROOK,
and MANION, Circuit Judges.

ORDER

An immigration judge (IJ) ordered Hisham Sabaileh, a native and citizen of Jordan, deported following a hearing conducted *in absentia*. The IJ subsequently denied Sabaileh's motion to reopen the proceedings, and the Board of Immigration Appeals (BIA) affirmed. In his petition for review of the BIA's decision, Sabaileh maintains that his case should be reopened because he did not receive adequate notice of his hearing and because his failure to appear was due to "exceptional circumstances" within the meaning of 8 U.S.C. § 1252b(c)(3)(A). We deny Sabaileh's petition.

Sabaileh entered the United States in February 1990, as a visitor for pleasure.

In January 1995, the Immigration and Naturalization Service (INS) issued Sabaileh an Order to Show Cause, charging him with remaining in the United States longer than permitted. This show cause order warned Sabaileh that he was required to provide written notice, within five days, of any change in address or telephone number, that notices would be mailed only to his last address of record, that if he was represented, notice would be sent to his representative, and that failure to appear at the scheduled hearing could result in a deportation order being entered in his absence.

In June 1996, Sabaileh was given oral and written notice that his hearing had been scheduled for December 20, 1996, at 1:00 p.m. Notice of the hearing was also mailed to Sabaileh's then-attorney of record, Kenneth Geman. Subsequently, on November 15, Geman moved to withdraw as counsel, citing differences with his client. The IJ denied the motion but stated that he would reconsider his decision if Sabaileh obtained new counsel who was able and willing to proceed with the December 20 hearing.

On December 10, 1996, the INS sent notice by certified mail to Sabaileh's most recent address of record, informing him that the December 20 hearing had been rescheduled from 1:00 p.m. to 9:00 a.m. and warning him of the consequences of failing to appear. This notice was also sent by certified mail to Geman, who then promptly sent a letter by certified mail to Sabaileh's last known address, notifying him of the time change. In his letter, Geman further explained that

> The Immigration Judge has ruled that only if you obtain a new counsel who is able and willing to proceed with the hearing for December 20, 1996 will he authorize my release from the case ... In view of the fact that your new attorney has *not* filed an appearance in the case I must remain of record. In the event he is prepared to proceed to trial on December 20, 1996 only then will the Judge allow him or her to appear. It is very possible that the Immigration Judge could rule in your case even though you are not ready to proceed. Failure to appear could result in an in abstentia [sic] order being issued against you and your being barred from requesting various benefits under immigration law. It is therefore urgent that you contact my office.

Geman arrived at the December 20 hearing at 9:00, but Sabaileh, who apparently did not receive either the INS's notice or Geman's letter, failed to appear. After determining that Geman had properly notified Sabaileh of the time and date of the hearing, the IJ granted Geman's motion to withdraw. Then, after waiting for over an hour for Sabaileh to appear, the IJ conducted the hearing *in absentia* and entered an order of deportation, finding no reason to excuse Sabaileh's absence at the hearing.

Sabaileh arrived for his hearing at 1:00, at which time he learned that a deportation order had been entered against him *in absentia*. He then moved to reopen the proceedings, claiming that neither he nor his new attorney, Vivian Khalaf, who submitted a Notice of Appearance on December 12, 1996, had received notice that the hearing had been rescheduled. The IJ denied the motion to reopen, and the BIA affirmed.

The Immigration and Nationality Act (INA) provides that a deportation order entered *in absentia* may be rescinded if the petitioner, through a timely motion to reopen, proves that his failure to appear resulted from lack of proper notice or from exceptional circumstances. 8 U.S.C. § 1252b(c)(3) (1994). This court reviews

the BIA's denial of a motion to reopen deportation proceedings for an abuse of discretion. *Nazarova v. INS*, 171 F.3d 478, 482 (7th Cir.1999).

■ On appeal, Sabaileh initially contends that his case should be reopened because the INS failed to comply with the statutory notice requirements of 8 U.S.C. § 1252b(a)(2). This argument is without merit. Under section 1252b(a)(2), the INS can fulfill its notice requirement by giving written notice in person to the alien, by certified mail to the alien, or by certified mail to the alien's counsel of record. Here, the INS provided notice in two ways, both of which independently satisfy the requirements of the statute. First, contrary to Sabaileh's claim that service was not provided to him either in person or by certified mail, the record establishes that notice was sent by certified mail to Sabaileh's last known address. Although Sabaileh maintains that he did not receive the notice, actual notice to the alien is not required under the INA.[1] *Wijeratne v. INS*, 961 F.2d 1344, 1347 (7th Cir.1992); *see also Anin v. Reno*, 188 F.3d 1273, 1277 (11th Cir.1999) ("[N]o statutory provision requires an alien to receive actual notice of a deportation hearing.") Moreover, it is apparent from the record that Sabaileh relocated on December 1, 1996, but failed to promptly notify the INS of the change in his address, despite having been expressly warned of his responsibility to do so. It is therefore Sabaileh's own fault if he did not receive notice of his hearing. *See Wijeratne*, 961 F.2d at 1347; *see also United States v. Gomez–Gutierrez*, 140 F.3d 1287, 1288 (9th Cir.1998) (INS prop-

erly sent notice of deportation hearing to alien's last known address); *Fuentes–Argueta v. INS*, 101 F.3d 867, 871–72 (2d Cir.1996) (same).

The INS's notice by certified mail to Geman, Sabaileh's then-attorney of record, also independently met the requirements of section 1252b(a)(2). Although Sabaileh argues that the notice was not relayed to him, the record clearly reflects that Geman did in fact send a letter to Sabaileh, informing him of the new time for the hearing. And in any event, as discussed above, no statutory provision of the INA requires that an alien receive actual notice of a deportation hearing. Sabaileh thus received what statutory notice was due when notice was provided to his attorney of record. *See* 8 C.F.R. § 292.5(a) (where alien is represented, notice is to be served on attorney of record); *Wijeratne*, 961 F.2d at 1347 (only notice to alien's representative required); *Anin*, 188 F.3d at 1277 (same).

■ Sabaileh's contention that the INS was required to send notice to his new attorney, Khalaf, also lacks merit. When the notice was mailed on December 10, 1996, Geman, not Khalaf, was Sabaileh's counsel of record. Indeed, Sabaileh did not even retain Khalef until December 11, after the notice had already been mailed, and it was not until the December 20 hearing that Geman was allowed to withdraw from the case. Although Khalaf apparently filed two notices of appearance before the hearing, one on December 12 and one on December 18, Sabaileh cites no authority for the proposition that the INS

1. Sabaileh cites *Dominguez–Garcia v. INS*, No. 96–1874, 1997 WL 173926 (7th Cir.1997), apparently for the proposition that notice of a deportation hearing must be served directly on the alien. But not only is *Dominguez–Garcia* an unpublished order and hence not citable precedent, it does not, in any event,

support Sabaileh's position. Rather, it simply holds that providing an alien's representative with written notice in person, rather than by certified mail, is insufficient to comply with the requirements of section 1252b. *Id.*, 1997 WL 173926, at *2.

is required to resend notice every time an alien retains new counsel. Khalaf simply could have reviewed her client's file once she was retained and would have then seen that the hearing had been rescheduled.

■ Finally, we reject Sabaileh's argument that his case should be reopened under section 1252b(c)(3) because his failure to appear at the hearing was due to "exceptional circumstances." "Exceptional circumstances" is defined by statute as circumstances beyond the control of the alien, "such as serious illness of the alien or death of an immediate relative of the alien, *but not including less compelling circumstances.*" 8 U.S.C. § 1252b(f)(2) (1994) (emphasis added). Here, Sabaileh presents two arguments in support of his claim of "exceptional circumstances": (1) he contends that the immigration judge did not have the authority to move his hearing to an earlier time rather than to a later time, and (2) he argues that the INS is subject to a "10 day notice rule" because the local Chicago EOIR Rules impose on attorneys the "require[ment] that documents submitted in support of an application be received by the Court no fewer than ten days before the hearing." But not only does Sabaileh fail to cite any authority for these propositions, his arguments do not establish that his failure to appear was due to circumstances at least as compelling as "serious illness of the alien or death of an immediate relative of the alien." 8 U.S.C. § 1252b(f)(2) (1994). Sabaileh has, in other words, failed to show that his situation was "exceptional" within the meaning of the statute.

For the above reasons, the petition for review is DENIED.