**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mickey EGGER, Defendant—Appellant.**

No. 00–50525.

D.C. No. CR–98–03041–IEG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 2001.

Decided Nov. 9, 2001.

Before BOOCHEVER, FERNANDEZ and FISHER, Circuit Judges.

### MEMORANDUM *

Mickey Egger appeals his sentence following his plea of guilty to conspiracy to distribute controlled substances and possession with intent to distribute controlled substances. He claims the government acted arbitrarily and in bad faith by failing to file a substantial assistance motion, and that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because the parties are familiar with the facts, we do not repeat them here.

* This disposition is not appropriate for publication and may not be cited to or by the courts

### I. *Failure to move for a downward departure for substantial assistance*

The government did not move for a downward departure based on the assistance provided by Egger, and Egger argues that this failure violated his cooperation agreement with the Federal Bureau of Investigation.

Ordinary contract principles apply to an agreement to cooperate. *See United States v. Carrillo*, 709 F.2d 35, 36 (9th Cir.1983). Factual determinations are reviewed for clear error, and whether the facts establish a violation of the contract is a legal question reviewed de novo. *See United States v. Plummer*, 941 F.2d 799, 803 (9th Cir.1991).

The district court found that Egger voluntarily signed the federal Cooperation Guidelines, that he agreed to cooperate, and that Egger was never promised that he would not be prosecuted if he cooperated. The court also found that as a part of the cooperation agreement, Egger agreed to testify before the grand jury, and that Egger breached the cooperation agreement when he refused to testify. None of these conclusions is clearly erroneous.

Egger argues that he was entitled to "specific performance of his cooperation agreement, i.e. probation." He attempts to import a clause from an unexecuted State Offer (regarding a state offense) into the federal cooperation agreement, thereby converting it into a federal plea agreement. But as the district court found, and as Egger's attorney acknowledged at the sentencing hearing, there was no plea agreement.

The issue before us is whether the federal cooperation agreement required the government to move for a downward

of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

departure based on Egger's cooperation, and whether the government violated the agreement by not doing so. The agreement does not specifically require the government to make a motion. It is within the government's discretion whether or not to file a motion for a downward departure based on substantial assistance, and the district court has only limited capacity to review the prosecutor's refusal to make such a motion. *See United States v. De la Fuente*, 8 F.3d 1333, 1340 (9th Cir.1993). The government's "discretionary power to file a substantial-assistance motion 'is subject to constitutional limitations that district courts can enforce.'" *Id.* (quoting *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)).

■ It is a violation of the due process clause for the government not to make a substantial assistance motion "when a plea rests in any significant degree on a promise or agreement of the prosecutor." *De la Fuente*, 8 F.3d at 1340. Because there was no plea agreement in this case, Egger does not make the "substantial threshold showing" of an unconstitutional motive that *Wade* requires. *See* 504 U.S. at 186.

■ Egger also argues that the district court should have exercised its discretion to depart downward based on threats and danger to him and his family from confederates in the drug operation, which he claims were due to his cooperation with the government. "A district court's decision not to depart downward is beyond appellate review unless the court indicates that it was prohibited as a matter of law from doing so." *United States v. Gomez–Gutierrez*, 140 F.3d 1287, 1289 (9th Cir. 1998) (per curiam). The district court concluded that "anything that [Egger's] family is suffering with regard to the drug business is because of [Egger's] doing" (his long-term drug dealing), and therefore did not find a factual basis for any discretion-

ary departure. Because "the district court exercised its discretion not to depart because the reason advanced was not sufficient to warrant departure," we lack jurisdiction to review the court's failure sua sponte to depart downward. *Id.*

## II. *Apprendi*

■ Egger claims his sentence was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the amounts of drugs that were the basis for his sentence were determined by the district court by a preponderance of the evidence, rather than submitted to a jury for proof beyond a reasonable doubt.

Egger pled guilty to Counts 1 and 5 of the indictment. Court 1 alleges a conspiracy to distribute controlled substances; Court 5 alleges that Egger, with others, possessed with intent to distribute 20 pounds of marijuana. At his change of plea hearing, Egger admitted that he arranged for the delivery of cocaine on two occasions without admitting to any specific amount, admitted to ordering ephedrine, again without reference to an amount, and admitted to ordering five pounds of marijuana but taking possession of "more than five pounds," and distributing one gram of methamphetamine. The district court acknowledged that there was a dispute as to the amount of drugs.

At the sentencing hearing, Egger raised the *Apprendi* issue. He disputed the quantity of cocaine involved, and insisted that the only amount he admitted when he entered his guilty plea was five pounds of marijuana and the single gram of methamphetamine. The court found that Egger was responsible for three kilograms of cocaine, three kilograms of ephedrine, and nine kilograms of marijuana. The court concluded that because Egger was a career criminal, the minimum sentence was

20 years and the maximum was life. The United States Sentencing Guidelines range (obtained by converting all the drugs to an equivalent amount of marijuana) was 262 to 327 months, and the court sentenced Egger to 262 months and eight years supervised release.

When the defendant specifies an amount of drugs when he pleads guilty, he waives his right under *Apprendi* to have a jury determine the amount beyond a reasonable doubt. *See United States v. Silva,* 247 F.3d 1051, 1060 (9th Cir.2001). Egger claims he did not admit to the precise amounts the district court used as the basis for his sentence. But even if this were true, the district court did not commit reversible *Apprendi* error. If the district court had sentenced Egger for an undetermined amount of the controlled substances involved in the conspiracy count, Egger would have been subject to no minimum sentence and a maximum sentence of thirty years with at least six years of supervised release, given his prior drug convictions. *See* 21 U.S.C. § 841(b)(1)(C) (specifying sentence for defendant convicted of unspecified amount of drugs). Instead, the district court determined that he was subject to a minimum mandatory sentence of twenty years and a maximum of life under 21 U.S.C. § 841(b)(1)(A), and sentenced Egger to 262 months. This is not above the thirty-year maximum sentence for an indeterminate amount of drugs (with a prior conviction).

Because the district court did not actually impose a sentence greater than thirty years, any error was harmless. *See United States v. Garcia-Guizar,* 234 F.3d 483, 488–89 (holding *Apprendi* violation to be harmless error). Further, the increase in the statutory minimum sentence does not violate *Apprendi. See United States v. Antonakeas,* 255 F.3d 714, 728 n. 1 (9th Cir.2001); *United States v. Garcia-Sanchez,* 238 F.3d 1200, 1201 (9th Cir.2001).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a); 9th Cir. R. 34–4

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.