NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0440n.06
Filed: May 26, 2005

No. 03-4551

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

GASPER PALUSHAJ; DIANA
PALUSHAJ; LIZE PALUSHAJ; and
DORINA PALUSHAJ,

      Petitioners,

v.

ALBERTO GONZALES, Attorney
General of the United States,

      Respondent.

_____/

ON APPEAL FROM THE BOARD OF
I M M I G R A T I O N   A P P E A L S

**Before: SILER and ROGERS, Circuit Judges; and REEVES, District Judge.**[*]

      **DANNY C. REEVES, District Judge.** Petitioners Gasper, Lize, Dorina, and Diana

Palushaj seek review of the Board of Immigration Appeal's ("BIA") decision denying their

motion to reopen their requests for asylum, withholding of removal and protection under the

Convention Against Torture. Gasper Palushaj ("Petitioner") is the principal asylum applicant.

Lize, his wife, along with Dorina and Diana, his daughters, are derivative applicants. For the

---

[*]    The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

reasons set forth below, the Court will grant the petition for review and remand the matter to the BIA to re-consider its denial of the motion to reopen.

## BACKGROUND

The Petitioner and his family are ethnic Albanians from Kosovo in the former republic of Yugoslavia. They entered the United States on or about May 5, 2000 in San Diego, California, crossing the border from Mexico using fraudulent Austrian passports. On August 24, 2000, they filed claims for asylum, withholding of removal, and relief under the Convention Against Torture. On October 4, 2000, an asylum officer from the Immigration and Naturalization Service (now the Department of Homeland Security) interviewed Petitioner, found him not credible, and referred his application to an immigration judge ("IJ").

Two days later, the INS issued Notices to Appear to the Petitioner and his family, charging them with entering the United States without a valid visa or document for entry. A removal hearing was held on October 31, 2000. Through counsel, Petitioner conceded removability and renewed his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Later hearings were held on February 20, 2001, and January 22, 2002. At the last hearing, an IJ denied the Petitioner's applications and ordered the Palushajs removed from the United States. Petitioner timely appealed and the BIA affirmed the IJ's decision without opinion on June 26, 2003. Notice of the BIA decision was sent to Petitioner's then-counsel of record, Richard Shulman.

On June 12, 2002, Petitioner's original counsel, Shulman, appealed the IJ's decision to the BIA. On June 26, 2003, the BIA affirmed the IJ's decision without opinion. On July 15, 2003, Shulman's legal assistant, Gina Szydlowski, apparently mailed a copy of the decision to Petitioner. Shulman maintains that he mailed the decision to the Petitioner's home address: 2417 Burger Street in Hamtramck, Michigan. The letter from Szydlowki, however, indicates that the letter was mailed to 2733 Belmont in Hamtramck.

Petitioner obtained new counsel who filed a motion to reopen the proceedings, as his 30-day window to petition for review of the BIA's decision had expired by the time Petitioner received the BIA decision. The motion to reopen simply asked the BIA to reissue its decision to allow Petitioner to timely appeal, noting that the failure to timely appeal was due to previous counsel's error in mailing the BIA decision to the wrong address. The BIA denied the motion to reopen, noting that it had properly served Petitioner with a copy of its decision by mailing it to his attorney as required by the relevant regulations. Petitioner timely filed the instant petition with this Court, challenging the BIA's denial of his motion to reopen.

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction over Petitioner's request to review his motion to reopen pursuant to the Immigration and Nationality Act § 242(a)(1). *See* 8 U.S.C. § 1252 (a)(1); *Prekaj v. I.N.S.*, 384 F.3d 265, 267-68 (6th Cir. 2004). However, because Petitioner did not timely appeal the BIA's decision on the merits of his claim, this Court only has the discretion to review the decision of the BIA denying Petitioner's motion to reopen the proceedings. *Prekaj*, 384 F.3d

at 267-68; *Caruncho v. I.N.S.*, 68 F.3d 356, 359 (9th Cir. 1995); *Chudshevid v. I.N.S.*, 641 F.2d 780, 783-84 (9th Cir. 1981).

This Court reviews the BIA's denial of a motion to reopen for an abuse of discretion. *Scorteanu v. I.N.S.*, 339 F.3d 407, 411 (6th Cir. 2003). "In determining whether the Board abused its discretion, the Court must decide whether the denial of Petitioner's motion to reopen deportation proceedings was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Balani v. I.N.S.*, 669 F.2d 1157, 1161 (6th Cir. 1982).

## LEGAL ANALYSIS

The United States argues, and the Petitioner concedes, that this Court's review is limited to the BIA's denial of the motion to reopen. *Prekaj*, 384 F.3d at 267-68. Thus, the only issue to consider is whether it was an abuse of discretion for the BIA to deny Petitioner's motion to reopen.

The BIA properly served its decision upon Petitioner's then-counsel, Richard Shulman. Service upon the petitioner's attorney constitutes service upon the petitioner. *Scorteanu*, 339 F.3d at 412 (citing *Dobrota v. I.N.S.*, 311 F.3d 1206, 1211 (9th Cir. 2002); *Garcia v. I.N.S.*, 222 F.3d 1208, 1209 (9th Cir. 2000); *Arrieta v. I.N.S.*, 117 F.3d 429, 431 (9th Cir. 1997); *Wijeratne v. I.N.S.*, 961 F.2d 1344, 1347 (7th Cir. 1992); *Chang v. Jiugni*, 669 F.2d 275, 277-78 (5th Cir. 1982)); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 634 (1962) ("[in] our system of representative litigation . . . each party is deemed bound by the acts of his lawyer-agent and is

considered to have 'notice of all facts, notice of which can be charged upon the attorney'")

(quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)); 8 C.F.R. § 1292.5. The BIA's denial of the

motion to reopen was premised upon the conclusion that Petitioner had failed to provide his

counsel with his "new address,"[1] as well as the immigration regulation that service upon counsel

of record constitutes service upon the alien. 8 C.F.R. § 1292.5.

The BIA's conclusion that Petitioner had failed to provide Shulman with his "new"

address was based upon Shulman's representation in the August 1 letter that he had mailed the

decision to the 2417 Burger address and that Petitioner had failed to inform him of any change

of address. The previous letter from Shulman's assistant, however, indicated that she mailed the

letter to the Belmont address. Thus, it appears that Shulman was aware of both the Belmont and

Burger addresses. The BIA erred in concluding that Petitioner failed to provide Shulman with

his new address. And because this error was based solely on a false factual assumption, this

Court must conclude that the BIA's decision was made without a rational explanation.

Accordingly, this matter must be remanded to the BIA to permit it to consider Petitioner's

motion to reopen with the knowledge that Petitioner did not fail to update his address.

---

[1] Establishing where Petitioner resided at the time of the BIA's decision is difficult. Upon entering the United States, Petitioner resided at 2417 Burger. At a February 2001 immigration hearing, however, Shulman informed the IJ that a fire had destroyed the Burger address, forcing Petitioner to move to 2733 Belmont. In the February 2002 notice of appeal to the BIA, however, an address of 2415 Burger was provided, presumably located next to the 2417 Burger address. Petitioner maintains that, at the time of the BIA's decision, he was again residing at the 2417 Burger residence.

**CONCLUSION**

The petition for review of decision of the Board of Immigration Appeals is **GRANTED**

and the matter is **REMANDED** to the Board of Immigration Appeals to reconsider Petitioner's

motion to reopen.